PAUL COCHRAN v. STATE

193 So. 535
Division A
Opinion Filed February 2, 1940
Rehearing Denied February 21, 1940

*Nathan Schevitz,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment of conviction of manslaughter alleged to have been committed by the negligent operation of an automobile.

Plaintiff in error presents in brief five (5) questions for our considieration and two (2) others which have been abandoned.

The first question is:

"Did not the Court err in overruling and denying the motion of the defendant, Paul Cochran, to quash the information in this case, said information charging this defendant and another jointly with the offense of manslaughter resulting from the alleged culpably negligent operation of an automobile without pleading any facts tending to show the alleged joint operation of said automobile

or the alleged act or acts of negligence relied upon as to each defendant?"

The question must be answered in the negative on authority of the opinion and judgment of this Court in the case of Peterson v. State, 128 Fla. 717, 175 Sou. 519.

In this case, like the Peterson case, there was a severance of the defendants jointly informed against and, therefore, there is no material difference between the question presented in the Peterson case and that here under consideration.

Questions numbered 2, 3 and 3-a challenges the sufficiency of the eviednce which we have examined and found to be ample to support the verdict and the judgment.

Question numbered 4 is:

"Was not the State of Florida bound to confine its proof to the charges in matters pertaining to the Bill of Particulars?"

The question is without merit because there was evidence before the jury given by Mr. L. R. Green in answer to questions propounded by Mr. Cannon, as follows:

"Q. What, in reference to the people in the car approaching you, as to their positions, what they were doing; big or little, old or young, just what did you see in reference to the occupants of the approaching car?

"A. I saw a man and a woman in the car, the man with his arm around her and one hand on the wheel.

"Q. You saw a man with one arm around her and the other one on the wheel; what wheel are you talking about?

"A. The car wheel, steering wheel.

"Q. Steering wheel. Well, who was under the steering wheel?

"A. A woman.

"Q. Did you get a look at them?

"A. Yes sir, enough I could tell it was a man and a woman."

This evidence supported the allegation contained in the bill of particulars which was:

"That the manner in which the defendant Paul Cochran and the defendant Ann Young were jointly driving and operating the automobile as in the Information is alleged, is as follows: the defendant Ann Young was under the steering wheel of the alleged automobile, and the defendant Paul Cochran was sitting close beside her, and both defendants had hold of the steering wheel at the time of and immediately prior to the killing of J. B. Green.

"(2) And for a bill of particulars to show wherein and in what manner the defendant Paul Cochran was reckless, careless and negligent in driving and operating said automobile as is alleged in the Information, the State says that both defendants had hold of the steering wheel immediately prior and at the time J. B. Green is alleged to have been killed, and that said automobile was being operated at a high rate of speed, and driven on the wrong side or the left-hand side of the road, contrary to law; and that at said time and place both defendants were under the influence of intoxicating beverages to some extent, the exact degree not being known to the State."

In addition to this, the record shows that the defendant Cochran and a woman, Ann Young, were riding in Cochran's car with the woman, Ann Young, driving, and that the operation of the car in the manner alleged and proved was the result of the concurrent action by the two occupants of the car, Paul Cochran and Ann Young.

An examination of the entire record discloses no reversible error. Therefore, the judgment should be and is affirmed.

It is so ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.