ROBERTS, Justice.
Appellants Taylor and Johnson were jointly indicted and tried on a charge of manslaughter, both were found- guilty, and have appealed from the judgments of conviction.
*880 The facts are, briefly, as follows: Taylor and Johnson were riding in a truck owned by Johnson’s brother and in Johnson’s custody and control. They ran into a car in which the decedent was riding, resulting in her death. Both denied having been the driver of the car at the time of the accident. The indictment charged, in one count, that Taylor drove the car in a culpably negligent manner, while intoxicated, and that Johnson was present and aided and assisted Taylor in so doing; and in a second count, the roles of the appellants were reversed. As noted, the jury returned a verdict of guilty as to both defendants.
We find no error here. The evidence was ample to support a finding by the jury that both Taylor and Johnson were drunk, that Taylor was the driver of the car, and that Johnson (who had custody and control of the car) turned it over to Taylor to drive, knowing of his intoxicated condition. This court said, in Peterson v. State, 128 Fla. 717, 175 So. 519, that “* * * the conduct of two or more people in the handling of an automobile or other dangerous instrumentality may be such as make them equally guilty of manslaughter.” And we quote with approval the remarks of the court in Story v. United States, 57 App.D.C. 3, 16 F.2d 342, 344, 53 A.L.R. 246, 249, as follows:
“If the owner of a dangerous instrumentality like an automobile knowingly puts that instrumentality in the immediate control of a careless and reckless driver, sits by his side, and permits him without protest so recklessly and negligently to operate the car as to cause the death of another, he is as much responsible as the man at the wheel.”
We think the circumstances here were such as to make both Johnson and Taylor guilty of manslaughter. As stated in the Story case, supra, where the facts were very similar to those in the case at bar, “If a jury may not find criminal carelessness from such conduct, it is difficult to perceive what conduct would justify such a finding.”
We have examined the other questions presented by the appellants, and find no reversible error.
Accordingly, the judgments appealed from should be and they are hereby
Affirmed.
DREW, C. J., and TERRELL and HOB-SON, JJ., concur.