C. E. Thompson, *Plaintiff in Error,* v. The State of Florida, *Defendant in Error.*

146 So. 201.

En Banc.

Opinion filed February 23, 1933.

*Edwards & Marchant,* for Plaintiff in Error.

*Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for the State.

Davis, C. J.—The information in this case charged that the defendant, C. E. Thompson, parked his truck on the highway unlawfully, carelessly and recklessly, and with culpable negligence, in the night time, by not having lights on the front and rear, and that because of this, one R. H. Reddick, traveling in another car, was caused to swerve his automobile on the highway, in such manner as to cause his car to collide with a motor truck being driven by one Alvin Jordan.

As a result of the collision between Reddick's automobile and Jordan's truck, Reddick and another man named Roberts were killed. The jury found Thompson guilty

of manslaughter. From the sentence of three years in the penitentiary imposed, this writ of error is taken.

The judgment of conviction in this case must be reversed on the authority of Austin v. State, 101 Fla. 990, 132 Sou. Rep. 491.

In this case the evidence does not show that the accused had through culpable negligence left undone anything that a reasonably prudent and cautious man would have done under the circumstances, nor does the evidence show that accused had done anything which a reasonably prudent and cautious man would not have done under the circumstances, to avoid the death of travelers on the highway, who might collide with his truck unavoidably stopped in the roadway, while defendant attempted to get it in condition so that it could travel, on, after it had been disabled through a flat tire. This is established by the unimpeached testimony of witnesses for defendant that defendant had directed his son to stand in the roadway to flag the rapidly approaching car which later collided with the Jordan truck and resulted in the death of the former car's driver, when the car driven by deceased swerved around the defendant's parked truck and collided with the Jordan truck then just about to pass it.

In reversing the instant conviction, this Court does not mean to imply that it holds the rule to be that, under the laws of this State, that in no instance can a man be convicted of manslaughter, who, in disregard of the lives of travelers on the highway, deliberately leaves an unlighted parked truck on the highway as an obstruction to travel, against which passing cars may reasonably be expected to collide in the night-time so as to produce probable fatalities.

On the contrary, as pointed out in the Austin case, *supra,* the test of criminal liability in cases like this is whether or not circumstances and conditions beyond the control of the

accused, have placed him against his will in a position and under conditions, which have resulted in the death of another. But criminal liability may exist in cases where the accused, made aware of the situation of danger that has been occasioned by an unavoidable mishap, has, through wanton negligence on his part thereafter, failed to do what the circumstances brought about by the unavoidable conditions, require him as a reasonably prudent and cautious man to do, in order to avoid death or serious injury. that, by ordinary care and by means at his command, he may guard against with reasonable certainty, despite his unavoidable mishap.

The rule of liability as to criminal and civil negligence is not the same. But in either case, where violation of a statute or ordinance is relied on to prove that there was negligence in the infliction of injuries or death, the *causal connection* between the violation of the statute or ordinance and the injury or death inflicted, must be established. And in criminal cases it must be established beyond a reasonable doubt. In this case it is not clear beyond a reasonable doubt that the mere violation of the state statute prohibiting the parking of motor vehicles on the highway (See Chapter 10186, Acts of 1925) caused the death of the driver of one of the colliding vehicles.

Reversed.

WHITFIELD, TERRELL and BUFORD, J. J., and JOHNSON, Circuit Judge, concur.