HELEN V. WALLING, Plaintiff-Appellee, *v.* KAREN LINGELBACH, Defendant, —(LOTTIE STRAHORN, Defendant-Appellant).

(No. 74-443; )

Second District (1st Division)—December 12, 1975.

Eugene Brassfield, of Maynard, Brassfield & Cowan, of Rockford, for appellant.

Larry E. Ohlson, of North, North & Ohlson, of Rockford, for appellee.

Mr. JUSTICE HALLETT delivered the opinion of the court:

This case involves a head-on collision between two automobiles, in one of which the plaintiff was riding as a passenger. The jury found both drivers negligent and judgment was entered against both of them. Mrs. Strahorn, the driver of the automobile in which the plaintiff was riding, has appealed, contending that the evidence is insufficient to sustain any verdict for the plaintiff against her, particularly since she was

never in the wrong lane. We agree and reverse the judgment against her without remandment.

The accident occurred on November 14, 1973, at approximately 6:20 a.m. on Springfield Avenue, a two-lane north-south highway in Winnebago County, about 700 feet south of Safford Road. The only eyewitnesses to the accident were the two drivers, Karen Lingelbach, age 17, and the appellant Mrs. Strahorn, plus her husband and the plaintiff Mrs. Walling, who were both passengers in the Strahorn vehicle.

Karen Lingelbach testified she had been driving at 50 m.p.h. before she crossed the intersection of Safford Road and Springfield Avenue going south. It was foggy that morning and the fog became thicker at that intersection. At that time she could see the shoulder of the road but not the center line. However, she was then on the right side of the road. The first time she ever saw the Strahorn vehicle was when it was 3 or 4 feet in front of her. She was not positive if its lights had been on and she could not at that time really tell if it was a vehicle that was in front of her. Just before the impact she swerved to the left. She did not know what lane she was travelling in at the time of the impact or whether the cars collided head on or at an angle.

Mrs. Strahorn testified that she regularly drove this route to work. She and Mrs. Walling worked at the same place. Since there were intermittent patches of fog she was driving between 30 and 35 miles per hour as she never drove fast when it was bad weather. However, at no time was she unable to see. At the place of the impact she could see about 25 to 30 feet ahead. At all times she was driving in the right hand lane. Before she saw the Lingelbach vehicle, she had been discussing Thanksgiving plans with the plaintiff. When she saw the other vehicle, it appeared to be coming over into her lane. She applied her brakes lightly, lessened her speed and turned the car to the right. She exclaimed to the plaintiff, "Look at that crazy fool, he must be drunk!" Mrs. Walling agreed. The Lingelbach vehicle kept coming towards her. When they hit, the Strahorn vehicle was on the right (east) shoulder.

Mr. Strahorn confirmed his wife's testimony that she had been driving in the right hand lane and that the fog was light where the accident occurred. (At no time according to Mr. Strahorn was one unable to see.) He saw the Lingelbach vehicle about one block away coming down the middle of the road. His wife pulled over to the right and their car was on the right shoulder before the accident occurred.

Mrs. Walling described the fog as being in patches. It was very dense and heavy so that one could not see but in places it would lift a little. The visibility was like this in the area near the accident. She did not know which lane the car was in because it was too foggy to tell. Just

before the accident she was reaching in her purse for a mint. Mrs. Strahorn cried out that "They are going to hit us!" The plaintiff looked up and saw highlights right in front of them.

Two county deputies, Larry Schultz and John Markley investigated the accident receiving a call at 6:26 a.m. They drove to the scene of the accident at 20-30 miles per hour. The visibility was very poor in that area and they had to just keep feeling their way. They found the Lingelbach car on the east shoulder of Springfield Avenue facing south. The Strahorn car was located approximately 150 feet southeast of the Lingelbach car facing north in a field.

Debris consisting of dirt, broken glass, and broken amber glass was found in the north bound lane of Springfield Avenue about 727 feet south of Safford Road. The debris formed a three-quarter circle about 2 feet in diameter the center of which was located at the very most 2 feet west of the east edge of Springfield Avenue. The right front tire of the Lingelbach car was about 58 feet south of the center of the debris. No debris was found in the southbound lane or in the ditch around the automobile or in the east shoulder of the road. Dirt, glass, etc. have a tendency to break off at the point of impact forming debris where vehicles collide. However, the debris found was not of sufficient size to account for all of the glass which was broken. No skid marks were found on the road.

When asked by the deputies, neither driver knew how the accident happened. Mrs. Strahorn said "she just looked, or she just looked up, and the car was there."

Mrs. Strahorn's niece and an employee who works in the same department as Mr. Strahorn visited Mrs. Walling in the hospital. They testified that Mrs. Walling said the accident was not Mrs. Strahorn's fault. The plaintiff denied she had any conversation about who was at fault.

The plaintiff sustained serious permanent injuries and the jury awarded a verdict of $82,500 against both defendants.

■■ In determining whether a judgment should be reversed and remanded with directions to enter a judgment for the defendant, all of the evidence must be considered by this court in its aspects most favorably to plaintiff and the issue is whether the evidence so viewed so overwhelmingly favors the defendant-appellant that no judgment for plaintiff based upon it could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 229 N.E.2d 504.) It is not enough for the plaintiff to prove that she was injured or that she was injured because of the negligence of someone. Rather, it is incumbent upon the plaintiff to prove that the negligence of the defendant-appellant caused her injuries. (*Householder v. Prudential Insurance Co.* (1970), 130 Ill.App.2d

184, 264 N.E.2d 398.) Moreover a mere guess or conjecture or speculation cannot form the basis for a judgment. (*Greenlee Bros. & Co. v. Rockford Chair & Furniture Co.* (1969), 107 Ill.App.2d 326, 246 N.E.2d 64.) At best the evidence viewed most favorably to the plaintiff reveals that:

1. Karen Lingelbach was driving south and Mrs. Strahorn was driving north on a two-lane highway.

2. Miss Lingelbach was speeding.

3. Mrs. Strahorn was driving 30 to 35 miles per hour.

4. The emergency vehicle approaching the scene later was only able to travel at 20 to 30 miles per hour.

5. Visibility was severely limited by fog.

6. Neither plaintiff nor the other driver could say in which lane the collision occurred.

7. Mrs. Strahorn steered to her right and the codefendant steered to the left before impact.

8. Karen Lingelbach was not sure the lights on the Strahorn vehicle were on.

9. There was no evidence that Mrs. Strahorn sounded her horn upon seeing the other vehicle.

10. Immediately after the accident Mrs. Strahorn told the police she did not know what happened and she just looked up and saw the other vehicle.

■■ It is not true, as appellant seems to contend, that if she was driving on the right side of the road at the time of the accident, she owed no further duty to the plaintiff. One must still exercise due care to prevent injury to oneself and others and to avoid a collision with a driver who may be proceeding on the wrong side of the road. (2 Blashfield Automobile Law and Practice § 101.63 (3rd ed. 1965).) But even if Mrs. Strahorn's speed, the suggested momentary lapse in attention, and her failure to sound her horn could constitute negligence, there is absolutely no evidence from which the jury could have concluded that the accident would not have occurred but for the negligence of Mrs. Strahorn. Under these circumstances, the appellant's motion for a directed verdict should have been granted.

Accordingly, the judgment against Mrs. Strahorn is reversed without remandment.

Reversed.

SEIDENFELD, P. J., and GUILD, J., concur.