401 So.2d 944 (1981)
STATE of Florida, Appellant,
v.
George Wayne SHEPPARD, Appellee.
No. 80-1414.
District Court of Appeal of Florida, Fifth District.
August 5, 1981.
Jim Smith, Atty. Gen., Tallahassee and James Dickson Crock, Asst. Atty. Gen., Daytona Beach, for appellant.
Andrew A. Graham of Reinman, Harrell, Silberhorn, Moule & Boyd, P.A., Melbourne, for appellee.
*945 COBB, Judge.
The appellee, George Wayne Sheppard, was charged with vehicular homicide in connection with an automobile-motorcycle accident. He moved to have the information against him dismissed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The trial court granted the motion, and the state appeals. We reverse.
At the time of the accident, both Sheppard and the decedent-motorcyclist were traveling eastbound on a four-lane (two lanes eastbound, two lanes westbound) highway. In his (c)(4) motion, Sheppard acknowledged that he was weaving within the left-hand lane of the eastbound side; he did not, however, admit he was weaving from the left lane into the right lane and back. Sheppard then alleged in paragraph 3(d) that:
The Decedent riding an eastbound motorcycle passed the Defendant on the right [in the right-hand lane] and cut in front of the Defendant to [sic] quickly causing the right front of the automobile to strike the rear of the Decedent's motorcycle.
The state traversed the motion, admitting all of Sheppard's allegations with the exception of paragraph 3(d), which it specifically denied. The state then alleged the following additional facts:
(1) While travelling the mile that preceded the accident point, Sheppard weaved constantly from the right lane to the left and returning;
(2) The weaving was continuous;
(3) The decedent in the right lane had just passed Sheppard when Sheppard sped up rapidly and cut over to the right lane, causing the accident;
(4) Sheppard continued for about 900 feet with the motorcycle under his car before he stopped;
(5) Sheppard had been drinking and appeared to witnesses to be under the influence of alcohol.
At the hearing on the motion, the discussion centered around (1) whether Sheppard's conduct was the proximate cause of the accident; and (2) whether Sheppard's conduct amounted to "recklessness" under the vehicular homicide statute. The state attorney doubted any of his witnesses could testify to the exact location of contact. The trial judge took the position that Sheppard could not be responsible for the death if the point of contact was the left-hand lane. Apparently finding the state could produce no evidence of location and, therefore, proximate causation, and, further, that Sheppard's conduct did not amount to recklessness, the trial court granted the motion to dismiss.
On appeal, the state argues several grounds for reversal. Having considered all of them, we reverse because the state's traverse creates factual issues as to both proximate cause and recklessness. Because material factual issues exist, the trial court erred by granting Sheppard's (c)(4) motion.
The first factual issue concerns the point of contact between Sheppard's automobile and the decedent's motorcycle. At the hearing on the motion to dismiss, Sheppard's attorney argued the state was unable to prove that Sheppard weaved into the decedent's lane at the point of contact and that, therefore, the state could not prove the proximate cause of death. Evidence or its lack, however, is not properly considered on a (c)(4) motion, and the court must look only to the prima facie sufficiency of the alleged facts. Jones v. State, 392 So.2d 18 (Fla. 1st DCA 1980); State v. Bryant, 373 So.2d 708 (Fla. 3d DCA 1979); State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979); State v. West, 262 So.2d 457 (Fla. 4th DCA 1972). The state's traverse alleges Sheppard weaved over to the right lane, the decedent's lane, sped up and hit the decedent. These allegations create a jury issue as to where on the road the contact occurred. Such issue is not properly resolved on a motion to dismiss.[1]
*946 Similarly, a factual issue exists with respect to whether Sheppard was "reckless" as proscribed by the vehicular homicide statute.[2] Upon the additional facts alleged in the state's traverse, it cannot be said that, as a matter of law, Sheppard was not reckless. Again, resolution of such an issue is within the province of the trier of fact. Under the circumstances, the trial court erred by granting Sheppard's motion. State v. Green, 400 So.2d 1322 (Fla. 5th DCA 1981); Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla. 1977); State v. DeJerinett, 283 So.2d 126 (Fla. 2d DCA), cert. denied, 287 So.2d 689 (Fla. 1973).
Because the state in its traverse alleged facts which, if believed, would support the conclusion that Sheppard was reckless and that his recklessness was the proximate cause of the motorcyclist's death, the order granting Sheppard's (c)(4) motion is reversed, and the cause remanded for further proceedings.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] In his brief, Sheppard admits the traverse places into issue the location of contact, but argues the state has no evidence to support its position. Because a jury question exists, Sheppard's motion should not have been granted. State v. Green, No. 80-1427, ___ So.2d ___ (Fla. 5th DCA July 15, 1981) [1981 FLW 1693]; Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla. 1977); State v. DeJerinett, 283 So.2d 126 (Fla. 2d DCA), cert. denied, 287 So.2d 689 (Fla. 1973).
[2] Section 782.071, Florida Statutes (1979), provides:

"Vehicular homicide" is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another.