STONE, Judge.
The defendant, charged with manslaughter and convicted of vehicular homicide, raises two issues on appeal:
1. Whether the trial court erred in refusing to give requested jury instructions on defendant’s theory of defense and on Florida pedestrian laws allegedly violated by the decedent.
2. Whether the trial court erred in failing to instruct the jury on excusable homicide where the defendant was charged with manslaughter and convicted of vehicular homicide.
The facts are essentially undisputed. The fatal accident occurred on a residential street, which was torn up for sewer repairs. It was raining and getting dark. The speed limit was 30 m.p.h. The defendant was speeding and did not have control of his vehicle when he struck an elderly pedestrian, who had traversed three-fourths of the street at the point she was hit. The homicide investigator performed various calculations at the scene and measured the skid marks. He concluded that the defendant’s speed was at least 61 m.p. h. A witness estimated the speed at 45 to 60 m.p.h., and the defendant admitted he was driving “very fast,” perhaps as fast as 50 m.p.h.
The defendant could see the victim crossing by the light of a street light; he contended that the victim had not been watching traffic, but was looking at her feet as she crossed. The defendant did not deny that he was not able to control the vehicle, and was even forced to release the brakes once and then to reapply them. He did testify that he had blown the horn, however this was disputed by a witness.
The trial court denied a requested instruction concerning the statutory duty of a pedestrian when crossing the street, and an instruction that the jury should find for the defendant if the victim's violation of traffic laws was the sole cause of the accident. Additionally, in reading the manslaughter instructions, the court failed to read the introduction to homicide and the excusable homicide portions. However, the defense did not object to the instructions as given nor the omissions, despite being afforded an opportunity to object.
Appellant argues that the theory of the defense was that the decedent could have been the sole cause of the accident, and that it was error for the court to refuse instructions on that defense. Clearly a defendant is entitled to instructions on a theory of defense where it is supported by evidence. Eg., Vazquez v. State, 518 So.2d 1348 (Fla. 4th DCA 1987); Cronin v. State, 470 So.2d 802 (Fla. 4th DCA 1985).
In Filmon v. State, 336 So.2d 586 (Fla.1976), the supreme court upheld the defendant’s manslaughter conviction over a similar argument, where the defendant contended that the jury could conclude that it was the victim’s conduct that was the proximate cause of a two car accident at an intersection. The court ruled that there was no view of the evidence from which a jury could reasonably conclude that the victim’s failure to yield the right of way was the sole proximate cause of the accident, saying:
The error in appellant’s argument is that the conduct of the ... decedents’ driver could only be controlling if it were the sole proximate cause of the accident.
Id. at 591 (emphasis in original). Here, as in Filmon, there is no reasonable view of the evidence upon which a jury could conclude that the victim’s act of failing to yield the right of way was the sole proximate cause of the accident. See also Palmer v. State, 451 So.2d 500 (Fla. 5th DCA 1984), rev. denied, 461 So.2d 115 (Fla.1985); Everett v. State, 435 So.2d 955 (Fla. 1st DCA 1983).
With respect to the second issue, jury instructions should not be reviewed, absent fundamental error, where the complaining party did not object to the instructions as given. See, e.g., Squires v. State, 450 So.2d 208 (Fla.1984); Treadway v. State, 534 So.2d 825 (Fla. 4th DCA 1988). *1309 However, the defendant contends that the failure to give the omitted portion of the manslaughter instruction was fundamental error. We recognize that the failure to instruct on justifiable and excusable homicide defenses has been found to constitute fundamental error where there is evidence supporting those defenses. See Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986); Carter v. State, 469 So.2d 194 (Fla. 2d DCA 1985). Cf. Hamilton v. State, 152 So.2d 793 (Fla. 2d DCA), cert. denied, 156 So.2d 388 (Fla.1963). However, the failure to define excusable and justifiable homicide need not constitute fundamental error where there is no view of the evidence which would have supported such a defense. Cf. Banda v. State, 536 So.2d 221 (Fla.1988); Segars v. State, 537 So.2d 1052 (Fla. 3d DCA 1989); Rojas v. State, 535 So.2d 674 (Fla. 5th DCA 1988). Here, there is no view of the evidence that would constitute an excusable homicide defense.
Therefore, the judgment and sentence are affirmed.
GLICKSTEIN and WALDEN, JJ., concur.