**STATE of Iowa, Appellee,**

v.

**Lance Adam WIESKAMP, Appellant.**

No. 91–191.

Court of Appeals of Iowa.

July 30, 1992.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., J. Patrick White, County Atty., and David Tiffany, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and DONIELSON, and SACKETT, JJ.

OXBERGER, Chief Judge.

The fighting issue in this case is whether a sober driver, driving the vehicle that struck the victim, would have avoided the collision. The victim was intoxicated when she laid down in the street. Her blood alcohol count was .254.

Police Sgt. Dan Sellars was in charge of the investigation into the death of the victim, Erica Welcher. He testified as follows:

Q. And would it be fair to say that having done that, you made a determination that a motorist traveling east bound heading towards the intersection of Broadway at that time of night, even if that person was totally sober, would have had trouble seeing a body lying in the highway if that body was to the west of the intersection? A. I believe it would have been, yes.

Q. In fact, didn't you determine that a motorist would have trouble seeing such a body until they were right on top of them? A. Based on the information I had at that time and the observation of the victim and the way they were dressed yes I do.

Q. How was the victim dressed? A. Basically in black clothing.

Q. If, in fact, Ms. Welcher had been lying in the highway in that location, and I believe Mr. Cooney testified that he thought it was about 40 feet west of the intersection, would that be in a location that you determined, based on your investigation in this case, that even a sober person would have trouble seeing that body dressed in black in that location? A. I believe so, yes. That would of been further away from the lighted area that the lights of the intersection help with.

Q. Okay. So even a sober person would have had difficulty seeing that person there at that location dressed in

black until they were right on top of them is that ... A. I believe so. That was far enough away from the intersection that it was fairly shaded and dark. It would have been difficult to see.

The State contends the defendant should have seen the victim when she began to sit up prior to impact.

The victim's boyfriend Cooney testified:

Q. How long was Erica laying there? A. Twenty or thirty seconds.

Q. Then what happened? A. Out of the corner of my eye, I seen a car coming and it didn't look like he was going to stop so I got up and I was watching and I was watching her and she started to sit up to get out of the way ... I was on my way to standing up when he hit her.

The record does not indicate how far away from the victim Wieskamp's vehicle was when the victim started to rise to a sitting position. The above testimony implies the victim's act of sitting up occurred just before the collision. The record does not indicate the body would have been more discernible in the dark in a sitting position or a lying position.

■ We have examined the record fully. There is no evidence in the record that places the victim at the time she was struck other than at a point forty feet west of the intersection.

There is no evidence in the record that an approaching motorist would have been able to see a person lying on the roadway until their headlights illuminated the person. There is no evidence in the record to dispute Sgt. Sellars' opinion testimony that a sober person would not have seen the victim "until they were right on top of them." There is no evidence in the record to indicate that the victim attempted to sit up until just prior to the impact.

We find as a matter of law that a sober person driving with reasonable care would have struck and killed the victim in this case.

The defendant Lance Wieskamp was charged with homicide by vehicle, a violation of Iowa Code section 707.6A(1)(a). In *State v. Hubka*, 480 N.W.2d 867, 869 (Iowa 1992), the supreme court said:

The general rule is that a defendant's conduct is the proximate cause of injury or death to another if (1) her conduct is a substantial factor in bringing about the harm.

The evidence is undisputed in this case that a sober driver driving with reasonable care would have struck the victim lying in the street covered solely in dark clothing in an unlighted area of the highway. Therefore Wieskamp's intoxicated driving was not a substantial factor in causing the victim's death. We dismiss the vehicular homicide charge against the defendant Lance Adam Wieskamp.

■ The defendant does not appeal his conviction for leaving the scene of the accident in violation of Iowa Code sections 321.261 and 321.263. He received a sentence of a term of incarceration not to exceed two years. We remand for resentencing on the charge. We cannot say the conviction of the homicide was not a factor in the trial court's sentence on the leaving the scene charge.

REVERSED AND REMANDED.