SHEVIN, Judge.
Audria D. Gensler appeals her conviction and sentence for vehicular homicide. We reverse and remand for a new trial.
Metro-Dade Police Officer Audria D. Gensler was dispatched to assist in a disturbance call at 3:00 a.m. On route to the call, her patrol car struck a pedestrian who was standing in the right through traffic lane on South Dixie Highway. The victim was then run over by another vehicle. Prior to trial, the court prohibited intro *559 duction of any evidence regarding the victim’s alcohol and cocaine intoxication, which the medical examiner had opined was sufficient to impair the victim’s judgment. The court also prohibited testimony that it was common practice for prostitutes in that area to step out into the path of oncoming vehicles to get the drivers to stop.
The speed at which the officer’s car was traveling prior to impact was highly contested at trial. The court permitted a medical examiner—who did not perform the autopsy—to testify, over defense objection, that the injuries to the body were consistent with having been hit by a vehicle traveling at 80 miles per hour. The examiner canvassed his co-workers and based his opinion on their collective ideas in view of victim injuries in other cases. Another expert testified that the car was traveling at 65 miles per hour. There was also testimony that the victim’s death was inevitable, regardless of the vehicle’s speed at the time of impact. Furthermore, the state was allowed to introduce evidence that Officer Gensler had been dispatched on a false alarm, and that she was using a cellular phone some time before the accident. Officer Gensler was convicted of vehicular homicide. Officer Gensler appeals.
A reversal is required in this case because of the many evidentiary errors. The trial court abused its discretion in excluding evidence of the deceased’s crack cocaine and alcohol intoxication on the night of the accident, and testimony that area prostitutes commonly step into the path of oncoming vehicles. This information is relevant to the defendant’s version of the events and explanation of the accident, and tends to demonstrate that the defendant may not be at fault for causing the accident. See Persaud v. State, 755 So.2d 150 (Fla. 4th DCA 2000); Bush v. State, 543 So.2d 283 (Fla. 2d DCA), review denied, 548 So.2d 663 (Fla.1989). At the defendant’s new trial, this evidence shall be permitted.
Second, the court erred in permitting the medical examiner to testify as to the defendant’s rate of speed at the time of the accident based on the victim’s injuries. The medical examiner stated that such a conclusion was beyond his field of specialty, and there was no predicate for admitting this testimony. See Laffman v. Sherrod, 565 So.2d 760 (Fla. 3d DCA 1990).
Finally, it was also an abuse of discretion to allow the introduction of evidence regarding defendant’s violation of various police department protocols, the case’s notoriety, defendant’s use of her cellular telephone before the accident, and that defendant was responding to a call that was later declared a false alarm. This evidence was not inextricably intertwined with the charged crime. In addition, this evidence was not relevant to any issue in the case, and was unfairly prejudicial to the defendant and deprived her of a fair trial. See Stephens v. State, 787 So.2d 747 (Fla.)(relevant evidence has logical tendency to prove or disprove a fact of consequence to the outcome of the case), cert. denied, 534 U.S. 1025, 122 S.Ct. 556, 151 L.Ed.2d 431 (2001).
Moreover, any mention of police department protocols regarding lunch break procedures, or use of emergency lights, and the emphasis placed on this evidence at closing argument, was improper. Although this case does not involve the introduction of police manuals, per se, the prosecution’s introduction of the department protocols created a “false standard in the measure of reckless driving[,]” Lozano v. State, 584 So.2d 19, 24 n. 8 (Fla. 3d DCA 1991)(citing Pitts v. State, 473 So.2d 1370 (Fla. 1st DCA 1985)), review *560 denied, 595 So.2d 558 (Fla.1992), an element of the vehicular homicide offense with which the defendant was charged. This evidence permitted the jury to hold the defendant to a higher standard than that to which any ordinary citizen would have been held.
Based on the foregoing, we reverse the conviction and sentence, and remand for a new trial.
LEVY, J., concurs.