929 So.2d 27 (2006)
The STATE of Florida, Appellant,
v.
Audria Diane GENSLER, Appellee.
No. 3D04-3277.
District Court of Appeal of Florida, Third District.
April 5, 2006.
Rehearing and Rehearing Denied June 8, 2006.
*28 Charles J. Crist, Jr., Attorney General, and John D. Barker, Assistant Attorney General, for appellant.
*29 Dunlap & Silvers and Marcia J. Silvers, Miami, for appellee.
Before SUAREZ and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
Rehearing and Rehearing En Banc Denied June 8, 2006.
SUAREZ, Judge.
This is an appeal from an order granting the defendant's Florida Rule of Criminal Procedure 3.190(c)(4) motion to dismiss the State's prosecution of a vehicular homicide charge brought pursuant to section 782.071, Florida Statutes (1999). The defendant contends on appeal that the trial court was correct in granting the motion because the undisputed facts did not establish that the victim of the homicide died as a result of the conduct on the part of the defendant which constitutes vehicular homicide. The State contends that the undisputed facts are sufficient to establish a prima facie case of the offense of vehicular homicide. We reverse the order granting the motion to dismiss.
The accident occurred on May 4, 2000. The relevant facts, as alleged in the motion to dismiss, show that at approximately 3:15 a.m., on a dry, clear night, Police Officer Gensler, the defendant, was traveling northbound on South Dixie Highway in an area with no street lights near Southwest 220th Street, where the posted speed limit was forty-five miles per hour. Pedestrians crossed South Dixie Highway without using the designated crosswalk to go to and from the food market, which was located one block off the Highway. Although many businesses were closed that evening, the food market was open. Officer Gensler, dispatched as a back-up officer to a call, proceeded through the intersection where the traffic light was flashing a yellow signal. According to an accident reconstruction expert, her speed was approximately ninety miles per hour. She struck and killed the victim, Robin Ivy, who was approximately four to five feet into the right traffic lane and just north of the crosswalk. At the time of the collision, the victim had alcohol and cocaine in her body.
The defendant was initially charged by information with manslaughter. She was convicted of the lesser included offense of vehicular homicide. This court reversed the conviction, based on a number of evidentiary errors, and remanded the case for a new trial. See Gensler v. State, 868 So.2d 557 (Fla. 3d DCA 2004). The State now appeals the trial court's granting of the defendant's Motion to Dismiss.
The State argues that the undisputed material facts are sufficient to establish a prima facie case of vehicular homicide. We agree. As long as the State shows the barest prima facie case, it should not be prevented from prosecuting. Jalbert v. State, 906 So.2d 337 (Fla. 5th DCA 2005); State v. Pasko, 815 So.2d 680, 681 (Fla. 2d DCA 2002)(citing State v. Hunwick, 446 So.2d 214, 215 (Fla. 4th DCA 1984)). A motion to dismiss should rarely be granted, State v. Carroll, 404 So.2d 844 (Fla. 5th DCA 1981), and granted only when the facts and inferences arising there from, taken in the light most favorable to the State, see State v. Fuller, 463 So.2d 1252 (Fla. 5th DCA 1985); State v. Patel, 453 So.2d 218 (Fla. 5th DCA 1984), do not establish a prima facie case. See also Boler v. State, 678 So.2d 319 (Fla.1996); State v. Horton, 442 So.2d 408 (Fla. 2d DCA 1983). We find that the facts, taken in the light most favorable to the State, establish a prima facie case of vehicular homicide which is reserved for the jury on the issue of proximate cause and therefore reverse the order granting the motion to dismiss.
The elements of vehicular homicide under section 782.071, Florida Statutes *30 (1999),[1] are (1) that the defendant must operate a motor vehicle in a reckless manner likely to cause the death of, or great bodily harm to, another, and (2) that the reckless operation of the motor vehicle must be the proximate cause of the death of the human being. Velazquez v. State, 561 So.2d 347 (Fla. 3d DCA 1990).
1. In determining whether a defendant is driving recklessly, the issue is whether the defendant knowingly drove the vehicle in such a manner and under such conditions as are likely to cause death or great bodily harm. D.E. v. State, 904 So.2d 558 (Fla. 5th DCA 2005); Michel v. State, 752 So.2d 6 (Fla. 5th DCA 2000). The focus is on the actions of the defendant and, considering the circumstances, whether it was reasonably foreseeable that death or great bodily harm could result. See D.E., 904 So.2d at 562. Viewed in the light most favorable to the State and based on the fact that the defendant was traveling at a speed of ninety miles per hour way over the posted speed limit of forty-five miles per houron a federal highway, at 3:00 a.m. where the street lights were out, coupled with the fact that she willfully disregarded a flashing, yellow traffic signal at the intersection one block from an open convenience store, we find that the State established a prima facie case of recklessness on the part of the defendantlikely to cause the death of, or great bodily harm to another. McCreary v. State, 371 So.2d 1024 (Fla.1979); D.E., 904 So.2d at 563; Moye v. State, 571 So.2d 113 (Fla. 4th DCA 1990); see Michel v. State, 752 So.2d at 6. As such, the recklessness issue is within the province of the jury and not subject to a motion to dismiss. State v. Sheppard, 401 So.2d 944 (Fla. 5th DCA 1981)(recklessness and proximate cause under vehicular homicide statute to be resolved by jury and not on motion to dismiss).
2. In determining whether the State presented a prima facie case that the defendant's reckless operation of the motor vehicle was the proximate cause of the death of the victim, it becomes necessary to determine whether the harm that occurred was within the scope of the danger created by the defendant's negligent conduct. Hodges v. State, 661 So.2d 107 (Fla. 3d DCA 1995); M.C.J. v. State, 444 So.2d 1001 (Fla. 1st DCA 1984). "Although a person does not have to foresee the specific circumstances causing the death of the victim, the person must have reasonably foreseen that the same general type of harm might occur if he or she knowingly drove a vehicle under circumstances that would likely cause death or great bodily harm." D.E., 904 So.2d at 562. We conclude that, taking into account all of the record facts, including excessive speed, prima facie evidence exists that the harm caused was within the scope of the danger created.
The defendant urges that the material facts do not demonstrate that the defendant's conduct was the sole proximate cause of the accident. As part of this contention, she argues that the wrongful conduct of the defendant cannot be deemed the proximate cause of the homicide because her wrongful conduct was superseded by the victim's own independent intervening actthat the impairment caused by the alcohol and drugs may have been responsible for her entering the highway at an unmarked location resulting in *31 the accident and her death. Unless it can be said that the victim's conduct was the sole proximate cause of the homicide, or unless there is some reason why it would be unjust or unfair to impose criminal liability, the decedent's conduct does not supersede the defendant's conduct as the proximate cause of the homicide. D.E., 904 So.2d at 563; Union v. State, 642 So.2d 91 (Fla. 1st DCA 1994); Moye v. State, 571 So.2d at 113; Cunningham v. State, 385 So.2d 721 (Fla. 3d DCA 1980); McCreary v. State, 371 So.2d at 1024; see Michel v. State, 752 So.2d at 6. See also Nunez v. State, 721 So.2d 346 (Fla. 2d DCA 1998)(victim's riding in back of pickup truck not sole proximate cause of accident in prosecution for vehicular homicide); Brimmer v. State, 541 So.2d 1307 (Fla. 4th DCA 1989)(victim's inattention to traffic not sole proximate cause of accident in vehicular homicide prosecution); Palmer v. State, 451 So.2d 500 (Fla. 5th DCA 1984)(decedent's blood alcohol level not sole proximate cause of vehicular homicide prosecution); Everett v. State, 435 So.2d 955 (Fla. 1st DCA 1983)(not reasonable to conclude that conduct of decedent who was jay-walking in an unlighted area the sole proximate cause of manslaughter by culpable negligence).
Where a party by his wrongful conduct creates a condition of peril, his action can properly be found to be the proximate cause of a resulting injury, even though later events which combined to cause the injury may also be classified as negligent, so long as the later act is something which can reasonably be expected to follow in the natural sequence of events. Moreover, where reasonable minds might differ as to whether it was the creation of the dangerous condition (defendant's conduct) which was the proximate cause, or whether it was some subsequent act [impaired conduct of the decedent], the question is for the trier of fact to determine.
State v. Hallett, 619 P.2d 335, 339 (Utah 1980); State v. Augustin M., 133 N.M. 636, 68 P.3d 182 (2003)(on motion to dismiss grand jury indictment for vehicular homicide, question of proximate cause of the death of intoxicated victim reserved for trial by jury), cert. granted, 133 N.M. 727, 69 P.3d 237 (2003), cert. quashed, 135 N.M. 170, 86 P.3d 48 (2004).
Therefore, we find that the State presented a prima facie case demonstrating that the defendant's conduct, speeding excessively and ignoring a yellow flashing signal in a business district on a darkened highway at 3:00 a.m., was the proximate cause of the accident.[2] We further conclude that the State has presented a prima facie case of vehicular homicide showing that the victim's death was within the scope of danger created by the defendant's reckless driving. Moreover, the issue of whether the harm that occurred was within the scope of the danger created by the defendant's negligent conduct is a jury question which involves factual determinations, such as whether the excessive speed prevented the defendant from seeing the victim in time to avoid the collisionproper for a jury to analyze and resolve. The trial court should not decide disputed issues of fact inherent in the defendant's motion to dismiss. State v. Fordham, 465 So.2d 580 (Fla. 5th DCA 1985), and cases cited. Whether Gensler's conduct was reckless and the proximate cause of the *32 death of the victim are jury issues not properly resolved on motion to dismiss. State v. Sheppard, 401 So.2d at 944.
In consideration of the record facts stated in the motion to dismiss and based upon the foregoing authorities, we reverse the trial court's order granting the defendant's motion to dismiss.
Reversed and remanded.
CORTIÑAS, J., concurs.
SCHWARTZ, Senior Judge (dissenting).
I might agree with the court's merciless destruction of the straw notions that the victim's conduct was the "sole proximate cause" of her own death and that the striking of a pedestrian is not in the "scope of the risk" generally created by a driver's excessive speed. I dissent from reversal, however, because the record contains no evidence of the most basic, core requirement of criminal liability: that the defendant's recklessness was a legal cause of the deathor, putting it in the alternative, familiar waythat the death would not have occurred "but for" that recklessness. See Velazquez v. State, 561 So.2d 347 (Fla. 3d DCA 1990), cause dismissed, 569 So.2d 1280 (Fla.1990), and review denied, 570 So.2d 1306 (Fla.1990). On this ground, which I believe involves the real issue in the case, I would affirm the judgment below.
In essence, there is no indication, in fact no way of knowing, that the victim would not have been killed if the defendant's vehicle had been traveling at a non-reckless speed above or even within the speed limit. See Gensler v. State, 868 So.2d 557, 560 n. 2 (Fla. 3d DCA 2004)(Schwartz, C.J., specially concurring in part, dissenting in part). As we know from the cases and from common knowledge and experience, many persons in the victim's desperate situation, trapped without her faculties in the middle of a busy highway in the dead of night, are struck and killed by vehicles which are not even carelessly, let alone recklessly, operated. See House v. State, 831 So.2d 1230, 1233 (Fla. 2d DCA 2002)("Speed alone will not support a charge of vehicular homicide. The only evidence of the manner in which House was driving at the time he collided with [the victim] is that he was speeding.") (citation omitted); see also State v. Del Rio, 854 So.2d 692 (Fla. 2d DCA 2003); State v. Esposito, 642 So.2d 25 (Fla. 4th DCA 1994). There is nothing but pure speculation to support the conclusion that this accident was not one of them in the absence of any showing as to (a) how long Ms. Ivey had been in the roadway; (b) where she had come from; (c) how she had gotten there; or (d) whether, by way of expert testimony or otherwise,[3] either she or the defendant would have been able to avoid the death if the latter's speed had been reduced by 10, 20 or 30 miles per hour. No citation of authority is required to establish that a criminal conviction cannot be justified on this basis. See Thompson v. State, 108 Fla. 370, 372, 146 So. 201, 202 (1933);[4]Lemming v. State, 159 So.2d *33 486, 487 (Fla. 2d DCA 1964);[5]Walling v. Lingelbach, 33 Ill.App.3d 949, 338 N.E.2d 917, 920 (1975), affirmed, 65 Ill.2d 244, 2 Ill.Dec. 363, 357 N.E.2d 530 (1976);[6]Iowa v. Wieskamp, 490 N.W.2d 566, 567 (Iowa Ct.App.1992);[7]Walker v. Edwards, 2004 WL 2601713 (Mich.Ct.App. Nov. 16, 2004)(unpublished);[8]New York v. Holt, 109 A.D.2d 174, 491 N.Y.S.2d 526, 528 (N.Y.App.Div.1985), appeal denied, 66 N.Y.2d 615, 494 N.Y.S.2d 1038, 485 N.E.2d 242 (1985);[9]Ohio v. Vaught, 56 Ohio St.2d 93, 382 N.E.2d 213, 214-15 (1978);[10]Metcalf v. Texas, 171 Tex.Crim. 269, 347 S.W.2d 618, 619 (1961);[11] see also W.E.B. *34 v. State, 553 So.2d 323 (Fla. 1st DCA 1989); Connecticut v. Benson, 5 Conn.Cir. Ct. 316, 251 A.2d 185 (1968); Michigan v. Barnes, 182 Mich. 179, 148 N.W. 400 (1914); Pennsylvania v. Sisca, 245 Pa.Super. 125, 369 A.2d 325 (1976); cf. Daigle v. State, 848 So.2d 1233, 1234 (Fla. 2d DCA 2003), review denied, 898 So.2d 937 (Fla. 2005).
NOTES
[1] 782.071 Vehicular homicide."Vehicular homicide" is the killing of a human being, or the killing of a viable fetus by any injury to the mother, caused by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. § 782.071, Fla. Stat. (1999).
[2] The defendant's reliance on the fact that the medical examiner stated that, if the officer's patrol car had been traveling at the speed limit, there was a possibility that the victim would have died anyhow, is a proximate cause question and does not negate the conclusion that excessive speed and other circumstances surrounding the accident created issues on the proximate cause of the vehicular homicide to be decided by the jury.
[3] It is significant that at the trial which resulted in the conviction we reversed in Gensler v. State, 868 So.2d 557 (Fla. 3d DCA 2004), there was expert testimony that a "normal" person in the victim's position could have reacted and avoided the accident if Ms. Gensler had not been traveling at a high speed. However, there was no evidence as to any such ability by one in the victim's actual, abnormal condition. See Gensler, 868 So.2d at 560 & n. 2(Schwartz, C.J., specially concurring in part, dissenting in part).
[4] "[W]here violation of a statute or ordinance is relied on to prove that there was negligence in the infliction of injuries or death, the causal connection between the violation of the statute or ordinance and the injury or death inflicted, must be established. And in criminal cases it must be established beyond a reasonable doubt. In this case it is not clear beyond a reasonable doubt that the mere violation of the state statute prohibiting the parking of motor vehicles on the highway caused the death of the driver of one of the colliding vehicles." Thompson, 108 Fla. at 372, 146 So. at 202 (citation omitted).
[5] "In point two the appellant questions the sufficiency of the evidence to show that at the time of the accident he was guilty of culpable negligence. We must rule for the appellant on this issue, as we find insufficient evidence to sustain the charge. Notwithstanding that the jury found that appellant was drunk at the time of the homicide, and that the car he was driving did strike the deceased, we are nevertheless shown no facts from which he could be deemed guilty of culpable negligence. The record bears out the fact that the death was caused by defendant's car, but by what means or in what manner, it is impossible to state possibly the deceased was struck in the roadway, or conceivably he could have stepped out in front of the car, or it could have been a multitude of things, none of which could possibly have constituted culpable negligence." Lemming, 159 So.2d at 487.
[6] "But even if Mrs. Strahorn's speed, and suggested momentary lapse in attention, and her failure to sound her horn could constitute negligence, there is absolutely no evidence from which the jury could have concluded that the accident would not have occurred but for the negligence of Mrs. Strahorn." Walling, 338 N.E.2d at 920.
[7] "There is no evidence in the record that places the victim at the time she was struck other than at a point forty feet west of the intersection. There is no evidence in the record that an approaching motorist would have been able to see a person lying on the roadway until their headlights illuminated the person. There is no evidence in the record to dispute Sgt. Sellars' opinion testimony that a sober person would not have seen the victim `until they were right on top of them.' There is no evidence in the record to indicate that the victim attempted to sit up until just prior to the impact. We find as a matter of law that a sober person driving with reasonable care would have struck and killed the victim in this case." Wieskamp, 490 N.W.2d at 567.
[8] "[E]ven if defendant was not exceeding the speed limit by five miles an hour, the collision and plaintiff's injuries would have occurred and no reasonable jury could infer otherwise.... Plaintiff has failed to proffer any evidence to establish that "but for" defendant's speeding, plaintiff's injuries would not have occurred." Walker, 2004 WL 2601713, at *1 (citation omitted).
[9] The "proof was insufficient to permit the jury to draw the inference that defendant's criminal negligence caused the death of a person." Holt, 491 N.Y.S.2d at 528.
[10] "[I]f the record shows an absence of sufficient evidence of such causal link between appellant's driving speed and the victim's death i.e., that appellant reached the point where the accident occurred before the Mound Street light turned red the conviction must be overturned. . . . [T]he evidence with respect to the issue of whether any negligence on the part of defendant was the proximate cause of the victim's death is insufficient as a matter of law to sustain the conviction." Vaught, 382 N.E.2d at 214-15.
[11] "`There is nothing in the record to suggest that the collision would not have occurred with the same results had the truck been traveling at [fifty-five] miles per hour instead of [sixty]. No other negligent act or omission on the part of appellant is shown save excessive speed.'" Metcalf, 347 S.W.2d at 619 (quoting Hubbard v. Texas, 167 Tex.Crim. 379, 320 S.W.2d 835, 836 (1959)(same; thirty-five instead of thirty miles per hour)).