# IN THE COURT OF APPEALS OF IOWA

No. 13-1006
Filed October 1, 2014

**RICHARD ALLEN HEIEN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Plymouth County, James D. Scott, Judge.

Heien appeals the dismissal of his third application for postconviction relief. **AFFIRMED.**

Michael J. Jacobsma of Jacobsma & Clabaugh, P.L.C., Sioux Center, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, and Darin J. Raymond, County Attorney, for appellee.

Considered by Danilson, C.J., Vogel, J., and Sackett, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**SACKETT, S.J.**

Appellant Richard Allen Heien, who was convicted of vehicular homicide and involuntary manslaughter on April 4, 2006, appeals from the district court's dismissal on summary judgment of his third application for postconviction relief alleging ineffective assistance of counsel. He contends the district court erred in finding he failed to provide a sufficient reason for not asserting those grounds in an earlier application, and ruling this application was barred pursuant to Iowa Code section 822.8 (2013) and his claim was time barred under Iowa Code section 822.3. We affirm.

**STANDARD OF REVIEW.** Appellate review of a postconviction proceedings is generally for errors of law. *Bugley v. State*, 596 N.W.2d 893, 895 (Iowa 1999), *superseded on other grounds by statute*, 2004 Iowa Acts ch. 1017, § 2, *as recognized in State v. Johnson*, 784 N.W.2d 192 (Iowa 2010). If the applicant alleges a denial of his constitutional rights, as Heien does here, appellate review is de novo. *State v. Parker*, 747 N.W.2d 196, 203 (Iowa 2008).

**BACKGROUND.** Heien was convicted of vehicular homicide and involuntary manslaughter on May 4, 2006, for running over and killing Joan Wilson, a pedestrian, on a rural Plymouth County road on May 2, 2004. His conviction was affirmed on appeal on April 11, 2007, and procedendo issued on June 15, 2007. *State v. Heien*, No. 06-0883, 2007 WL 1062937, at *1 (Iowa Ct. App. Apr. 11, 2007). Two prior postconviction proceedings were unsuccessful.

**VICTIM'S CONDUCT.** Heien contends his prior attorneys were ineffective for not fully investigating or developing the issue that the victim, who was a

pedestrian, was on the wrong side of the road or in the path of traffic when she was hit. He contends the accident reports, state and county records, and news reports indicate the victim was traveling on the wrong side of the road. He contends that had this issue been raised, it would have supported an argument that the victim's actions played a role in the accident. He argues, citing *State v. Adams*, 810 N.W.2d 365 (Iowa 2012), that the State has only proved his driving killed the victim, not that his criminal act of driving while intoxicated caused the victim's death.

**TIME LIMITATION.** The State agrees with the district court that the claim is time barred. Iowa Code section 822.3 provides postconviction-relief applications must ordinarily be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued," but the statute contains an exception for grounds of "fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3; *see also Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995).

This court decided the direct appeal affirming Heien's conviction on April 11, 2007, and procedendo issued on June 15 of the same year. This petition was filed on January 11, 2013, more than five years after the decision on direct appeal and over two years beyond the limitation period set forth in Iowa Code section 822.3.

The State contends Heien has not offered a ground of fact or law that could not have been raised within the applicable time period and claims the

ineffective-assistance of postconviction counsel does not constitute a ground of fact that tolls the three-year limitation period.

Heien claims his two postconviction attorneys were ineffective in failing to investigate where the victim was walking when she was run over. The State argues and the district court found that the accident reports upon which Heien relies were dated in 2006, and consequently, the issue of the victim's walking on the wrong side of the road raised here could have been raised in the applicable time period. The court noted and the State points out that Heien relies on the print date of the reports, which was 2012, rather than the date of the report. Heien has failed to prove that he only became aware of the facts of the accident after the date the statutory time for filing a postconviction proceeding had passed.

**CLAIM NOT AVAILABLE EARLIER.** Heien next focuses his argument on that part of Iowa Code section 822.3 that creates an exception for untimely filed applications if they are based on claims that "could not" have been previously raised because they were not available.

> [T]he exception applies to situations in which there "would be no opportunity to test the validity of the conviction in relation to [the ground of fact or law that allegedly could not have been raised within the time period]." A reasonable interpretation of the statute compels the conclusion that exceptions to the time bar would be, for example, newly-discovered evidence or a ground that the applicant was at least not alerted to in some way.

*Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) (citation omitted).

Heien contends that in *Adams*, the Iowa Supreme Court for the first time determined it was the State's burden under Iowa Code section 707.6A(1) to

provide more than mere proof the defendant's driving caused the death of another person. The court there held a defendant may be found guilty of homicide by vehicle only if the jury finds beyond a reasonable doubt that his criminal act of driving under the influence of alcohol caused the victim's death. *Adams*, 810 N.W.2d at 371.

The State argues *Adams* does not change or overrule prior law but merely clarified the law, and we are inclined to agree. *Adams* was not new law; rather, it was a clarification of the law in that it noted the vehicular homicide statute "included no clear expression of the legislature's intent as to whether the State must prove a direct causal connection between defendant's intoxicated driving and the victim's death to support a conviction." *Id.* at 370. Furthermore, a similar issue was addressed in *State v. Wieskamp*, 490 N.W.2d 566, 567 (Iowa Ct. App. 1992), where this court required a causal connection between a defendant's intoxicated driving and the victim's death to support a conviction, stating: "We find as a matter of law that a sober person driving with reasonable care would have struck and killed the victim." We reversed the defendant's conviction of vehicular homicide. *Wieskamp*, 490 N.W.2d at 567.

Heien has filed nothing to show that his claims are based on new evidence or are new legal claims. Heien had opportunities to claim ineffectiveness of trial counsel on the claims raised here before the time bar became enforceable against him. He could have raised it on appeal and in his earlier postconviction actions. On appeal, Heien cannot assert ignorance of the claim because he should have at least been alerted to trial counsel's failure to

raise the issue, and appellate and postconviction counsels' failure to raise ineffectiveness claims. *See Fuhrmann v. State*, 433 N.W.2d 720, 723 (Iowa 1988) (holding that if matters raised in an untimely postconviction application were not raised due to ineffective assistance of appellate counsel or failure to preserve error at trial, ineffective assistance could also have been raised within the time limitation).

**AFFIRMED.**