371 So.2d 1024 (1979)
Albert R. McCREARY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 52605.
Supreme Court of Florida.
May 10, 1979.
Rehearing Denied July 9, 1979.
*1025 Chester Bedell and Peter D. Webster of Bedell, Bedell, Dittmar & Zehmer, Jacksonville, and Dayton Logue of Welch, Bennett, Logue & Burke, Panama City, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
ALDERMAN, Justice.
We have jurisdiction of this direct appeal from a final judgment of the Circuit Court for Bay County because that court upheld the constitutionality of section 782.071, Florida Statutes (1975), against a challenge of vagueness.
The issues before us are whether section 782.071, Florida Statutes (1975), is unconstitutionally vague; whether the trial court erred in denying defendant's motions for judgment of acquittal; and whether the information failed to charge an offense. The response to these questions depends upon whether the legislature, by enacting section 782.071, intended only to reduce the crime of manslaughter by culpable negligence in the operation of a motor vehicle to a third-degree felony or whether the legislature intended and did create a lesser included offense with a lesser standard of proof required for conviction. We find that the legislature intended to accomplish the latter, and we, therefore, conclude that the trial court did not err in denying defendant's motion for judgment of acquittal and defendant's motion to dismiss the information. We also hold that section 782.071 as construed is not unconstitutionally vague.
The defendant was driving with several companions when he ran a stop sign and struck another vehicle, causing the death of one of the passengers in that vehicle. He was charged by information with unlawfully killing a human being by operation of a motor vehicle in a reckless manner likely to cause death or bodily harm to another. The evidence shows that the stop sign was clearly visible from a distance of three hundred to four hundred feet away, that the defendant had consumed several glasses of beer just prior to the accident although there is no evidence that he was intoxicated, and that the defendant drove into the intersection at or near the maximum speed prescribed without slowing down.
Presuming that the standard of proof in the manslaughter statute, section 782.07, was carried over into the vehicular homicide statute, section 782.071, and that these two statutes charge the same crime, the defendant contends that the evidence introduced was insufficient to prove culpable negligence and to support his conviction. We do not agree, however, with the defendant's underlying presumption that the same degree of proof is required for vehicular homicide as is required for manslaughter by *1026 culpable negligence in the operation of a motor vehicle.
The legislature, by enacting section 782.071, Florida Statutes (1975), did not intend only to reduce the crime of manslaughter by culpable negligence in the operation of a motor vehicle to a third-degree felony identified as vehicular homicide, but rather intended and did create a lesser included offense with a lesser standard of proof required for conviction.
Manslaughter is the killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification. § 782.07, Fla. Stat. (1975). We have repeatedly said that the culpable conduct necessary to sustain proof of manslaughter under section 782.07 must be of a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them. Filmon v. State, 336 So.2d 586 (Fla. 1976); Miller v. State, 75 So.2d 312 (Fla. 1954); Preston v. State, 56 So.2d 543 (Fla. 1952).
Section 782.071 provides:
"Vehicular homicide" is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vehicular homicide is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The legislature did not intend the word "reckless" used in the vehicular homicide statute to mean the same thing as the word "culpable" used in the manslaughter statute. Had the legislature intended that vehicular homicide and manslaughter be the same offense with the same standard of proof and only that there be a reduced penalty for the former, then it simply could have provided that vehicular homicide is the killing of a human being by the operation of a motor vehicle in a culpably negligent manner.
Certainly, it is within the authority of the legislature to make punishable as a third-degree felony reckless driving which results in the killing of a human being where the degree of negligence falls short of culpable negligence but where the degree of negligence is more than a mere failure to use ordinary care.[1] The present case is a good example of why the legislature would enact such a law. The State's evidence in the present case is not sufficient to establish that the defendant's conduct was of such a gross and flagrant character as to support a finding of culpability sufficient to sustain a conviction for manslaughter. The evidence, however, does show that the defendant killed another human being by the operation of a motor vehicle in "a reckless manner likely to cause the death of, or great bodily harm to, another" and is sufficient to support a conviction for vehicular homicide. In this case the State proved:
1. The intersection is a safe intersection which meets all applicable federal and state safety regulations.
2. The traffic through the intersection is heavy.
3. The intersection and stop sign can be clearly seen from 400 feet.
4. Defendant imbibed of alcohol immediately prior to the accident.
5. Defendant drove into the intersection, at or near the maximum speed prescribed by law, without reducing speed.
6. Defendant did not apply brakes until he had passed the stop sign.
7. Defendant's automobile struck the victim's vehicle with sufficient force to *1027 knock it across three lanes of traffic and cause it to completely flip over.
8. Defendant killed James L. Sanders in the collision.
It is not unreasonable for the legislature to create a lesser included offense to cover the hiatus between section 782.071 manslaughter and the traffic offense of reckless driving created by section 316.029, Florida Statutes (1975). If the facts had been different, the State might have elected to charge the defendant with the higher offense of manslaughter. For example, if the defendant had raced through the stop sign at an excessive rate of speed in a deliberate effort to beat another motor vehicle that he saw approaching the intersection or if the defendant was playing "chicken" with another vehicle, these facts might have justified the State's charging and the jury's convicting the defendant of manslaughter. In the present case, the State properly charged and the jury convicted the defendant of the lesser offense of vehicular homicide.
We also find that the trial court did not err in denying defendant's motion to dismiss the information. Florida Rule of Criminal Procedure 3.140(o) provides:

Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
The information  charging that the defendant, on or about June 26, 1977, while operating his vehicle in a reckless manner likely to cause death or great bodily harm to another, did kill one James Sanders in Bay County, Florida  is legally sufficient to inform the defendant of the nature of the accusation against which he must defend. We conclude that the information did not mislead or embarrass him in the preparation of his defense.
Furthermore, we find that section 782.071 is not unconstitutionally vague or indefinite. It gives sufficient warning as to what is proscribed when measured by common understanding and practice. The conduct prohibited by this statutory provision is reckless driving, likely to cause death or great bodily harm, which results in the killing of another human being.
Concluding that vehicular homicide is a lesser included offense of manslaughter with a lesser standard of proof, that section 782.071 is constitutional, and that the evidence in this case is sufficient to support the jury's verdict, we affirm.
It is so ordered.
ENGLAND, C.J., and ADKINS and HATCHETT, JJ., concur.
BOYD, J., dissents with an opinion with which OVERTON and SUNDBERG, JJ., concur.
BOYD, Justice, dissenting.
The question presented in this appeal is: what degree of failure to exercise care is required in order to impose criminal liability for vehicular homicide? This crime is defined as follows:
"Vehicular homicide" is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vehicular homicide is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 782.071, Fla. Stat. (1975).
The evidence showed that McCreary was driving with several companions when he ran a stop sign and struck another vehicle, causing the death of one of the passengers. The stop sign was clearly visible from a distance of 300 to 400 feet away. McCreary had consumed several glasses of beer before the accident but there is no evidence that *1028 he was intoxicated. Prior to reaching the intersection, McCreary was not driving recklessly or at an unsafe speed, but he entered the intersection without slowing down. None of the passengers in appellant's automobile were any more aware of the intersection and stop sign than he was. The evidence showed that there was negligence, based on this complete lapse of attention.
Prior to the enactment of the vehicular homicide statute, cases involving death caused by culpable negligence in the operation of a motor vehicle were prosecuted under the manslaughter statute, section 782.07, Florida Statutes (1973). The appellant contends that the degree of proof required by the decisional law of this state for conviction under the general manslaughter statute should be required in cases of vehicular homicide. The state, on the other hand, points out that the crime created by the vehicular homicide statute is a felony of the third degree, whereas manslaughter is a felony of the second degree, and argues that therefore we should conclude that a different standard of proof was intended.[1] The enactment of the vehicular homicide statute, the state contends, demonstrates a legislative intent to make criminal conduct which would not be sufficient for conviction under the general manslaughter statute.
I believe that the intention of the legislature in creating the crime of vehicular homicide was to decrease the possible penalty for manslaughter caused by the operation of a motor vehicle but not to change the standard of proof required for conviction. The reasoning of the district court of appeal in State v. Young, 357 So.2d 416, 419 (Fla. 2d DCA 1978), is correct on this point:
The vehicular homicide statute was originally enacted as Chapter 74-383, Section 16, Laws of Florida. Prior to its enactment, prosecution of those negligently causing the death of another by operation of a motor vehicle was possible only under the manslaughter statute. Therefore, the courts of Florida were called upon on numerous occasions to further define and elaborate on the meaning of "culpable negligence" in the manslaughter statute as related to the operation of a motor vehicle. As far back as 1926, when automobiles were beginning to become common on our streets, the Supreme Court of Florida in Cannon v. State, 91 Fla. 214, 221-22, 107 So. 360, 363 (1926), said that culpable negligence meant negligence "of `a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons.'" Over the years the courts of this state have continued to define culpable negligence within the context of manslaughter resulting from operation of a motor vehicle as conduct evincing a reckless disregard for human life. See, e.g., Fulton v. State, 108 So.2d 473 (Fla. 1959); Miller v. State, 75 So.2d 312 (Fla. 1954); Phillips v. State, 289 So.2d 769 (Fla. 2d DCA 1974); McCullers v. State, 206 So.2d 30 (Fla. 4th DCA 1968); Jackson v. State, 100 So.2d 839 (Fla. 1st DCA 1958).
We must presume the legislature had knowledge of these court interpretations when it enacted the vehicular homicide statute in 1974. In so doing, the legislature used language in the new statute which effectively encompasses the judicial definition of culpable negligence in the manslaughter statute. Thus it appears the standard of proof under the manslaughter statute was carried over into the vehicular homicide statute. By its new enactment the legislature apparently intented [sic] to punish those negligently causing the death of another by operation of a motor vehicle less severely than those doing so otherwise.
While it might well be argued that the legislature intended to overrule the decisions of Florida's appellate courts on the question of what degree of negligence can *1029 be criminally punished, we should not give effect to such a purported legislative intent unless it is made clearly to appear. By using language which "encompasses the judicial definition of culpable negligence," the legislature has not made clear an intent to create a crime having a lower standard of proof than manslaughter.
There was insufficient evidence to establish that appellant's conduct was of a gross and flagrant character, evincing reckless disregard of human life
"`"... or of the safety of persons exposed to its dangerous effects, or that there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them."'"
Filmon v. State, 336 So.2d 586, 589-90 (Fla. 1976) (quoting Miller v. State, 75 So.2d 312, 313-14 (Fla. 1954)). The facts shown simply do not constitute substantial evidence that the appellant's conduct reached this degree of culpability. Peel v. State, 291 So.2d 226 (Fla. 1st DCA), cert. denied, 298 So.2d 164 (Fla. 1974). The appellant's motion for judgment of acquittal should have been granted.
OVERTON and SUNDBERG, JJ., concur.
NOTES
[1] Reckless driving is defined in section 316.029, Florida Statutes (1975), as follows:

(1) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.
[1] The general manslaughter statute classifies the offense therein as a second-degree felony, while vehicular homicide constitutes a third-degree felony. The former is punishable by a maximum penalty of 15 years' imprisonment or a $10,000 fine or both. §§ 775.082(3)(c), .083(1)(b), Fla. Stat. (1975). The latter carries a maximum sentence of 5 years or $5,000 or both. Id. §§ 775.082(3)(d), .083(1)(c).