439 So.2d 238 (1983)
Ella Mae HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2241.
District Court of Appeal of Florida, Second District.
September 7, 1983.
Rehearing Denied October 26, 1983.
Wilbur C. Smith, III, of Smith, Carta, Ringsmuth & Kluttz, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Bartow, and Diane Barrs, Asst. Atty. Gen., Tampa, for appellee.
EVANS, VERNON W., Jr., Associate Judge.
Having been convicted of a vehicular homicide under section 782.071, Florida Statutes (1981), the appellant presents four points for review on appeal, the most serious of which challenges the sufficiency of the evidence to support the conviction.
The accident which tragically took the life of a five year old child occurred when the appellant struck the deceased child and a playmate on Hunter's Green Drive in Lee County, Florida. Appellant contends that the evidence presented to the jury was insufficient as a matter of law to establish that degree of recklessness in the operation of a motor vehicle required to sustain a conviction under the aforesaid statute. Section 782.071, Florida Statutes (1981), provides:
Vehicular Homicide.  "Vehicular homicide" is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vehicular homicide is a felony of the third degree. .. .
The evidence presented would have permitted the jury to find that the appellant was operating her vehicle in a residential area upwards of 50 miles per hour to 60 miles per hour and struck two small children playing in the roadway. The appellant testified that she never saw the children either before or after impact and suggested she might have been distracted by a movement of her child in the car. No drinking was involved and no mechanical defects were present in appellant's vehicle.
The oft-repeated statement that excessive speed alone will not support such a conviction is heard once again. There were, however, a number of other factors or circumstances to be considered by the jury, in addition to excessive speed, as we have gleaned them from the record. These factors and circumstances include: (1) that it was a clear, dry day with good visibility; (2) that appellant was traveling on a level two-lane roadway more or less in the middle of the road; (3) that there were no obstructions to her view ahead in the form of parked vehicles, foliage or any other objects; (4) that she was traveling in an all-residential area described by one of the *239 investigating officers as heavily congested with children; (5) that she was familiar with the area and roadway having traveled it on other previous occasions; (6) that the road was posted with both a 30-miles-per-hour speed limit sign and a "SLOW  CHILDREN PLAYING" sign; (7) that the presence of the children in the roadway was observed by several witnesses at a time when appellant was a substantial distance from them; (8) that she failed to reduce the speed of her vehicle before or after striking the children and that the speed may have actually been increased after the collision as she left the scene; (9) that the appellant failed to exercise even the slightest degree of care to avoid the collision.
We are of the opinion that the substantial evidence presented of grossly excessive speed in a congested residential area when considered along with all the other factors and circumstances enumerated herein support the conviction of vehicular homicide. The other points raised by appellant for review have been considered and are found to be without merit.
The judgment of the conviction is AFFIRMED.
GRIMES, A.C.J., and RYDER, J., concur.