PER CURIAM.
The defendant, Armando Marquez, appeals his conviction and sentence for vessel homicide. We affirm.
Initially, the State of Florida filed an information charging the defendant with vessel homicide in violation of Section 782.-072(1), Florida Statutes (1987).[1] Subsequently, the State filed a new information charging the defendant with the original charge of vessel homicide and with manslaughter in violation of Section 782.07, Florida Statutes (1987). The case went to trial; however, before it went to the jury, the State nolle prossed the count charging the defendant with vessel homicide. The State, however, requested the trial court to instruct the jury that vessel homicide is a lesser included offense of manslaughter. The defendant was acquitted of manslaughter, but convicted of vessel homicide.
The charges against the defendant arose from a boating accident within the Miami Marine Stadium basin involving the defendant’s forty-one foot boat and a nine foot inflatable craft. The area where the accident occurred was congested due to a Jimmy Buffet concert at the stadium. There was conflicting evidence as to the speed at which the defendant’s boat was traveling and as to the manner in which the boat was being operated at the time of the accident. However, there was sufficient evidence for the jury to find that the defendant was operating his boat in a reckless manner.
At trial, the only evidence which pinpointed the defendant as the driver of the boat was the defendant’s statement given to an officer at the scene of the accident. The defendant contends that the trial court erred in admitting his confession into evidence. The defendant maintains that prior to admitting his confession, the State had to show that the defendant was the operator of the boat. We disagree with this contention, “[identification of the defendant as the guilty party is [not] a necessary predicate for the admission of a confession.” State v. Allen, 335 So.2d 823, 825 (Fla.1976). A defendant’s conviction may not be based solely upon his confession; the State must also prove that the crime has been committed. Allen. The State, in the present case, has met this burden.
The defendant also contends that the trial court erred in instructing the jury that vessel homicide is a lesser included offense of manslaughter.[2] We disagree. The Supreme Court of Florida, in McCreary v. State, 371 So.2d 1024 (Fla.1979), held that “[t]he legislature, by enacting [the vehicular homicide statute], did not *154 intend only to reduce the crime of manslaughter by culpable negligence in the operation of a motor vehicle to a third-degree felony identified as vehicular homicide, but rather intended and did create a lesser included offense with a lesser standard of proof required for conviction.” McCreary, 371 So.2d at 1026. The vehicular homicide statute and the vessel homicide statute are almost identically worded.[3] Therefore, by analogy we find that it was the legislature’s intent that vessel homicide be a lesser included offense of manslaughter.
Defendant's remaining points lack merit.
Affirmed.

. The defendant is the first person to be charged under this statute. Section 782.072, Florida Statute (1987), went into effect on October 1, 1987.

. The manslaughter statute provides as follows:
*154 782.07 Manslaughter.—
The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, shall be deemed manslaughter and shall constitute a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. The vehicular homicide statute provides as follows:
782.071 Vehicular homicide.—
(1) "Vehicular homicide” is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vehicular homicide is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Any person who commits vehicular homicide and willfully fails to stop or comply with the requirements of s. 316.027(1) is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 782.071, Fla.Stat. (1987). The vessel homicide statute provides as follows:
782.072 Vessel homicide.—
(1) "Vessel homicide” is the killing of a human being by the operation of a vessel as defined in s. 327.02 by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vessel homicide is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Any person who commits vessel homicide and willfully fails to stop or comply with the requirements of s. 327.030(4) is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.-084.
§ 782.072, Fla.Stat. (1987).