WIGGINTON, Judge.
Appellant appeals his conviction, after jury trial, of vehicular homicide and leaving the scene of the accident, in violation of section 782.071, Florida Statutes (1989). We reverse and remand.
Section 782.071(1), Florida Statutes (1989) defines vehicular homicide as the killing of a human being by the operation of a motor vehicle in a reckless manner likely to cause the death of, or great bodily harm to, another. After thoroughly reviewing the record, as in W.E.B. v. State, 553 So.2d 323 (Fla. 1st DCA 1989), we conclude that the evidence presented in this case was insufficient to support a finding that appellant was operating his car in a sufficiently reckless manner to sustain a conviction under that statute. Therefore we reverse. Appellant’s operation of his vehicle was not nearly as egregious as the drivers’ actions in such cases as Byrd v. State, 531 So.2d 1004 (Fla. 5th DCA 1988) and Hamilton v. State, 439 So.2d 238 (Fla. 2d DCA 1983), in which vehicular homicide convictions were upheld.
We note that, prior to trial, appellant entered nolo contendere pleas to the additional charges of leaving the scene of an accident involving bodily injury or death, in violation of sections 316.027 and 316.062, Florida Statutes, driving with a suspended license and driving with no license. At sentencing, the trial judge dismissed the charge of leaving the scene of an accident involving bodily injury or death because that offense was “subsumed by the enhancement of the vehicular homicide” charge, pursuant to section 782.-071(2), Florida Statutes. Since we reverse the vehicular homicide conviction, we remand for reinstatement of the charge of and plea to leaving the scene of an accident *532 involving bodily injury or death and for resentencing on the three remaining charges accordingly.
Reversed and remanded.
MICKLE, J., and JORGENSON, JAMES R., Associate Judge, concur.