642 So.2d 25 (1994)
STATE of Florida, Appellant/Cross-Appellee,
v.
Raffaele ESPOSITO, Appellee/Cross-Appellant.
No. 93-1885.
District Court of Appeal of Florida, Fourth District.
August 10, 1994.
Rehearing Denied September 20, 1994.
*26 Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellant/cross-appellee.
Dennis D. Bailey of Sullivan, Bailey, Bailey and Bailey, P.A., Pompano Beach, for appellee/cross-appellant.
STEVENSON, Judge.
Raffaele Esposito was convicted of vehicular homicide. The trial court denied Esposito's motion for judgment of acquittal but granted his motion for new trial. Both the state and Esposito appeal. Because no conclusion of guilt could reasonably be inferred from the evidence adduced at trial, we find that the trial court should have granted Esposito's motion for judgment of acquittal. Therefore, the ruling on the motion for new trial is moot.
In determining whether the trial court erred in denying Esposito's motion for judgment of acquittal, we consider the evidence in the light most favorable to the state, as we must. See Murphy v. State, 511 So.2d 397 (Fla. 4th DCA 1987); Green v. State, 408 So.2d 1086 (Fla. 4th DCA 1982). While operating a Century Village "trolley" bus, Esposito struck and killed an elderly woman crossing in a pedestrian walkway. The victim, walking slowly with a four pronged cane, had stepped off the median and was struck by the center of the bus at about the halfway point in the crosswalk. There is evidence that Esposito had an unobstructed view with no distracting conditions. Although Esposito was not speeding, he did not see the victim and did not even apply the brakes until 15-20 feet after impact. Witnesses, including the driver of a car next to the bus and a passenger on the bus, observed the victim crossing and stated that the driver should have seen her crossing and had ample opportunity to stop.
The trolley was operated within Century Village, a gated community with a substantial elderly population. Esposito had operated trolleys there for nine years. The crosswalk was near the entrance and was heavily traveled. There is a pedestrian warning sign posted and pedestrians in the crosswalk have the right of way. The bus was in good working order.
A state's expert concluded that the driver, traveling at only 15 m.p.h., should have seen the victim in the crosswalk from at least 115 feet away. The expert concluded that Esposito failed to look for pedestrians and was not paying attention.
Vehicular homicide is a killing by the operator of a motor vehicle "in a reckless manner likely to cause ... death or great bodily harm." § 782.071, Fla. Stat. (1991). The degree of culpability required for a vehicular homicide is less than that needed for manslaughter, but more than a mere failure to use ordinary care. See McCreary v. State, 371 So.2d 1024 (Fla. 1979). It must at least encompass reckless driving, which is driving in a willful or wanton disregard for safety. § 316.192(1), Fla. Stat. (1991).
Accepting the evidence in the light most favorable to the state, the facts and circumstances in this case support no more than a finding of simple inattentiveness (ordinary negligence) and are woefully insufficient to state a prima facie case of reckless driving (willful and wanton driving behavior). The state did not introduce any evidence that showed defendant operated his vehicle recklessly. *27 W.E.B. v. State, 553 So.2d 323 (Fla. 1st DCA 1989). There was no evidence that he had been drinking, was speeding or driving erratically, or that he failed to observe any traffic regulations. He was in control of the trolley and was driving at less than the posted speed limit. Albeit a tragedy, the evidence introduced at trial merely demonstrated the elderly driver's negligence in failing to observe a pedestrian in the roadway.
Accordingly, the conviction and sentence below is REVERSED.
HERSEY, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I would affirm. The trial court did not err in denying the motion for judgment of acquittal. In my judgment, evidence that a bus driver is proceeding without looking where he is going under these circumstances may be considered by a jury as driving in willful and wanton disregard for safety.
Although momentary inattentiveness, alone, may be insufficient to support a reckless driving or vehicular homicide conviction, the totality of the evidence presented in this case does present a prima facie case. See Mcreary v. State, 371 So.2d 1024 (Fla. 1979); Hamilton v. State, 439 So.2d 238 (Fla.2d DCA 1983).