DAMOORGIAN, J.
Ariella Rubinger appeals her final judgment and sentence for culpable negligence, claiming that the trial court erred in allowing the State to introduce irrelevant, prejudicial evidence of her behavior after the alleged crime. We reverse.
By way of background, Rubinger was involved in a two-car accident on Interstate 595, which resulted in the death of the driver of the other vehicle. The victim and his passenger were travelling ahead of Rubinger at a rate of 50 to 55 miles per hour. As the victim was about to exit the highway, Rubinger’s vehicle struck the victim’s car in the rear. Ru-binger’s estimated speed before impact was hotly contested. However, the State presented evidence that Rubinger was travelling at a high rate of speed. The State did not present any other direct evidence establishing Rubinger was driving erratically, that she was distracted, or that she was on her cell phone at the time of the accident.
Immediately after the accident, Rubinger came in contact with several emergency and police personnel. These witnesses observed Rubinger talking on her cell phone, fixing her hair, and applying makeup. They testified that Rubinger’s main focus seemed to be getting to a party, and she was overheard asking someone on the phone to come pick her up and take her to Miami. At least one witness requested that Rubinger get off the phone, which she did not immediately do. Overall, emergency and police personnel described Rubinger as distracted; indifferent, and unappreciative of the gravity of the situation. A number of witnesses stated that while Ru-binger’s behavior was unusual, they did not smell alcohol on her, and she did not appear impaired. We note that Rubinger was not aware that the victim had expired at this point in time.
Rubinger was charged with DUI manslaughter (Unlawful Blood Alcohol Level) (Count I); DUI manslaughter (Count II); vehicular homicide (Count III); and DUI *662 property damage (Count IV). Before trial, Rubinger filed a motion in limine to exclude the evidence of her behavior at the accident scene. The State sought to introduce the evidence at issue to prove the impairment and reckless driving elements of the DUI and vehicular homicide counts, respectively. The trial court denied Ru-binger’s motion and allowed emergency and police personnel to testify about Ru-binger’s behavior after the accident.
The defense requested a jury instruction on the crime of culpable negligence, which the State agreed was a lesser-included offense of vehicular homicide. § 784.05, Fla. Stat. (2006). The court gave the instruction on the lesser-included charge. At the conclusion of the trial, Rubinger was found guilty of culpable negligence and not guilty of the remaining counts. This appeal now follows.
The issue before us is whether the testimony, which was the subject of the motion in limine, was relevant to prove the offense of culpable negligence. The standard of review of the trial court’s ruling on a motion in limine is abuse of discretion. Dessaure v. State, 891 So.2d 455, 466 (Fla.2004).
“ ‘Vehicular homicide’ is the killing of a human being ... caused by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another.” § 782.071, Fla. Stat. (2006); see also D.E. v. State, 904 So.2d 558, 561 (Fla. 5th DCA 2005). “Vehicular homicide cannot be proven without also proving the elements of reckless driving, which requires proof of a ‘willful or wanton disregard for the safety of persons or property.’ ” Santisteban v. State, 72 So.3d 187, 195 (Fla. 4th DCA 2011) (citations omitted). “In determining whether a defendant was driving recklessly, the essential inquiry is whether the defendant knowingly drove the vehicle in such a manner and under such conditions as was likely to cause death or great bodily harm.” Id. (citing D.E., 904 So.2d at 562). Likewise, culpable negligence, a lesser included offense of vehicular homicide, “involves a state of mind so wanton or reckless that the behavior it produces may be regarded as intentional.” Bowen v. State, 791 So.2d 44, 61 (Fla. 2d DCA 2001). Speed alone does not constitute reckless conduct unless the speed is shown to be grossly excessive. Santisteban, 72 So.3d at 197.
Rubinger begins by arguing that the evidence at issue is character evidence and, therefore, is inadmissible to prove culpable negligence under section 90.404(1), Florida Statutes (2006).[1] She also asserts that the evidence was an attempt to cast her as uncaring, it was not relevant to the issues in the case, and it was highly prejudicial. Finally, Rubinger contends that the error was not harmless because the State cannot prove that there is no reasonable possibility that the evidence contributed to her conviction for culpable negligence.
Because the State was required to prove that Rubinger operated her vehicle in a reckless manner, it maintains that evidence of Rubinger’s behavior at the accident scene was relevant. According to the State, the jury could infer that Rubinger drove recklessly because she was talking on her cell phone, appeared distracted, and was in a hurry to get to a party after the accident. Therefore, the State argues that the trial court did not err in permitting the introduction of Rubinger’s post-accident behavior.
*663 We reject Rubinger’s claim that the evidence at issue is character evidence. While we agree that such evidence is not admissible under section 90.404(1), the evidence in this case was not character evidence because it was not relevant to establish Rubinger’s character or a trait of her character. Instead, Rubinger’s post-accident conduct only established her mental state after the accident.
We do, however, agree with Ru-binger that evidence of her mental state after the accident was not relevant to the issue of whether she operated her motor vehicle in a reckless manner. Evidence is only relevant if it “[tends] to prove or disprove a material fact.” § 90.401, Fla. Stat. (2006). Here, the evidence at issue did not tend to prove that Rubinger was driving recklessly at the time of the accident.
Moreover, even if evidence of Rubinger’s behavior after the accident did have some relevance to the issues of the case, its probative value was far outweighed by its prejudicial effect. When unfair prejudice substantially outweighs the probative value of the evidence, the trial court should exclude the evidence. As the Florida Supreme Court stated in Taylor v. State, 855 So.2d 1 (Fla.2003): “In weighing the probative value against the unfair prejudice, it is proper for the court to consider the need for the evidence; the tendency of the evidence to suggest an improper basis to the jury for resolving the matter, e.g., an emotional basis; ....” Id. at 22 (citations omitted). Therefore, the trial court abused its discretion by admitting evidence of Rubinger’s behavior after the accident.
Next, we must determine whether the court’s error was harmless. “The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that ... there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The focus is on how the error affected the trier of fact. Id. at 1139.
There is a reasonable possibility that the admission of the evidence affected the jury’s verdict. Although the State presented lay testimony that Rubinger was driving at an excessive rate of speed, this issue was highly contested with expert testimony. The State presented no other direct evidence that Rubinger was driving recklessly, and none of the witnesses testified that she appeared impaired. Finally, during closing the State argued that Ru-binger’s behavior after the accident, including her lack of concern for the victim, was evidence of her recklessness in the operation of her vehicle. Thus, it is likely that the jury was greatly influenced by the testimony about her behavior after the accident. Accordingly, the trial court’s admission of the irrelevant, prejudicial evidence of Rubinger’s behavior after the accident was not harmless.
For the foregoing reasons, we reverse and remand this matter for a new trial on the charge for which Rubinger was convicted.

Reversed and Remanded.

WARNER and CONNER, JJ., concur.

. Section 90.404(1) provides, "Evidence of a person's character or a trait of character is inadmissible to prove action in conformity with it on a particular occasion....”