PER CURIAM.
Appellant, Angela Stracar, was convicted following a jury trial of two counts of vehicular homicide.[1] She challenges those convictions, arguing that the trial court erred in denying her motions for judgment of acquittal on the basis that the State’s evidence failed to show that she was driving in a reckless manner sufficient to prove the charges. We agree, and reverse.
The trial court recounted the facts of the case in its written order denying the motions for judgment of acquittal. That order states, in pertinent part:
The evidence at trial was that the Defendant [Stracar] was driving a vehicle which left the roadway, traveled along a sidewalk and a grassy area, crossed a divided roadway and hit a sign which launched the car over a median of the intersecting street and land[ed] on the victims car crushing the two occupants. Ms. Stracar traveled ... for over 500 feet at approximately 40 miles per hour. She suffered no serious injuries and was found conscious in her vehicle at the scene. She had to be removed through the roof due to crash damage.
There was no evidence of any braking or other attempt by appellant to avoid the crash, nor were there any curves in the roadway which would have contributed to *381 appellant losing control of her vehicle. The evidence showed that, at the time of the incident, the weather conditions were optimal and the pavement was dry.
Appellant was transported to the local hospital, and her blood was drawn approximately three hours after the crash. Test results showed her blood alcohol concentration was less than .02%, THC from marijuana use at some undetermined time, oxycodone at a potentially therapeutic level, and Xanax within therapeutic levels.[2] Although there was expert testimony that the central nervous system depressants found in appellant’s blood could have had an additive effect to impair her driving, there was no evidence of any unsafe or erratic driving at any point up to the time of the accident.
In reciting the facts regarding the accident, the trial court concluded that it was difficult to conceive how such driving could be considered anything but reckless, which is an essential element of the vehicular homicide charges. The court sentenced appellant to consecutive ten-year prison terms for each vehicular homicide count. This appeal followed.
A trial court’s denial of a motion for judgment of acquittal is reviewed de novo for the sole purpose of determining whether the evidence is legally sufficient. Durousseau v. State, 55 So.3d 543, 556 (Fla.2010).
“ ‘Vehicular homicide’ is the killing of a human being ... caused by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another.” § 782.071, Fla. Stat. (2010); see also Rubinger v. State, 98 So.3d 659, 662 (Fla. 4th DCA 2012). The degree of culpability required for vehicular homicide is less than that necessary to prove manslaughter, but it is more than a mere failure to use ordinary care. McCreary v. State, 371 So.2d 1024, 1026 (Fla.1979). To prove the offense, the State necessarily must also prove the elements of reckless driving, which itself “requires proof of a ‘willful or wanton disregard for the safety of persons or property.’ ” Santisteban v. State, 72 So.3d 187, 195 (Fla. 4th DCA 2011); Berube v. State, 6 So.3d 624, 625 (Fla. 5th DCA 2008); see also § 316.192(1), Fla. Stat. (2010). “ ‘Willful’ means ‘intentional, knowing, and purposeful,’ and ‘wanton’ means with a ‘conscious and intentional indifference to consequences and with knowledge that damage is likely to be done to persons or property.’ ” Lewek v. State, 702 So.2d 527, 530-31 (Fla. 4th DCA 1997) (quoting Fla. Std. Jury. Instr. (Misd.) (reckless driving)) (citation omitted). “In determining whether a defendant was driving recklessly, the essential inquiry is whether the defendant knowingly drove the vehicle in such a manner and under such conditions as was likely to cause death or great bodily harm.” Santisteban, 72 So.3d at 195 (citing D.E. v. State, 904 So.2d 558, 562 (Fla. 5th DCA 2005)).
The evidence presented at trial showed that appellant’s actions, while certainly negligent, did not rise to the level of recklessness sufficient to sustain the convictions for vehicular homicide. See, e.g., State v. Esposito, 642 So.2d 25, 26-27 (Fla. 4th DCA 1994) (reversing conviction for vehicular homicide where evidence at trial merely demonstrated negligence with no evidence of intoxication, speeding, erratic driving, or failure to observe traffic regulations); Berube, 6 So.3d at 624 (reversing vehicular homicide conviction where driver executed improper left turn across oncom *382 ing traffic and there was no evidence that driver was intoxicated, distracted from the road, or speeding). The presence of central nervous system depressants in appellant’s blood stream after the crash, in and of itself, is insufficient to support a finding of reckless driving. See, e.g., W.E.B. v. State, 553 So.2d 323, 326-27 (Fla. 1st DCA 1989) (reversing conviction for vehicular homicide where, although driver had consumed several beers hours prior to the accident, there was no evidence of impairment).
As in Berube, what was missing from the State’s proof in this case is evidence that the appellant, in an intentional, knowing and purposeful manner, was driving at the time of the incident in a manner demonstrating a conscious and intentional indifference to consequences and with knowledge that damage is likely to be done to persons or property. See also McCreary v. State, 371 So.2d 1024 (Fla.1979); W.E.B., 553 So.2d at 326-27; State v. Del Rio, 854 So.2d 692 (Fla. 2d DCA 2003). Therefore, appellant’s convictions for vehicular homicide rested on legally insufficient evidence. Accordingly, these convictions and sentences are reversed and the cause remanded for entry of a judgment of acquittal on these charges.

Reversed and Remanded with Instructions.

DAMOORGIAN, C.J., TAYLOR and KLINGENSMITH, JJ., concur.

. Appellant was also charged with two counts of DUI manslaughter, although the jury was unable to reach a verdict on those charges. Ultimately, the State nolle prossed these counts.

. Appellant was unable to provide an explanation as to what caused the accident, and stated that she must have "blacked out" prior to its occurrence.