DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL P. OPSINCS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3147

[ February 10, 2016 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 432011CF000114A.

Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

This criminal case has its genesis in a tragic automobile accident that killed an 11-year-old girl and injured several other people. Appellant, Michael Opsincs, appeals his convictions for the following offenses arising out of that accident: one count of vehicular homicide, one count of reckless driving causing serious injury, and seven counts of reckless driving causing injury or damage. We find that the trial court properly denied appellant's motion for judgment of acquittal. However, we are compelled to reverse for a new trial because we conclude that the trial court abused its discretion in admitting irrelevant and unfairly prejudicial evidence that, shortly after the accident, appellant said "shit happens" when being confronted by witnesses at the scene.

The essential facts are as follows. Appellant drove through an intersection, hit a Honda car that was turning left, and split the Honda into two pieces. The State presented testimony that the Honda had the green light.

The Honda had five occupants—an adult driver, his 9-year-old son, 11-year-old daughter, and 3-year-old twins. As a result of the accident, the driver's 11-year-old daughter died, one of the twins was seriously injured, and the driver and his other two children were also injured. The rear part of the Honda hit another car, damaging that car and injuring its two occupants.

The accident occurred at about 7:00 p.m. in the evening. It had been raining that day, and the roads were still wet. Shortly before reaching the intersection, appellant had swerved through traffic in a zigzag pattern.

One witness, who was driving on the opposite side of the road, saw appellant approach the intersection at about 70-75 mph while looking down. This witness testified that appellant ran a red light, went through the intersection "with no brake lights whatsoever," and struck the Honda.

The speed limit was 50 mph. The State presented lay witness testimony that appellant was driving at least 70 mph into the intersection. In addition, the State's expert calculated that appellant was driving 69 mph at the time of impact.[1] According to the State's expert, the yellow light at the intersection lasted five seconds, and the light for appellant would have been red for nine seconds before the impact.

After the accident, appellant repeatedly told people that his light was green. According to one witness, some of the people at the scene started to interact with appellant and "challenge him a little bit" about "what the heck happened." Appellant said "the light was green" and then told one of the people challenging him, "Well, shit happens."

Before trial, appellant moved in limine to exclude evidence that in the aftermath of the accident witnesses overheard him say "shit happens." Defense counsel argued that the statement was irrelevant to appellant's mindset at the time of the accident and that any probative value was outweighed by its prejudicial effect. The trial court denied the motion in limine, finding that the statement was relevant to appellant's state of mind and his alleged reckless disregard for others. The court further reasoned that the statement could be considered a jocular boasting that was

---

[1] By contrast, the defense reconstruction expert concluded that appellant's car was travelling 56 mph. He also explained that an untrained person's estimate of the speed of another vehicle can be flawed because it is affected by the observer's speed, the observer's direction of travel, and whether the observer is looking in a mirror. On cross-examination, however, he agreed that appellant's light was red before appellant went into the intersection.

admissible under *Jackson v. State*, 530 So. 2d 269 (Fla. 1988).

The prosecutor began closing argument by emphasizing appellant's "shit happens" statement: "Well, shit happens. Those, ladies and gentlemen, are the words that this defendant uttered on September 29th of the year 2010. And why are those words . . . important? Because those words express the reckless disregard he had for anybody that night." The prosecutor later mentioned the statement again in closing.

The jury convicted appellant on every count as charged. This appeal ensued.

### *Denial of Judgment of Acquittal*

We first address appellant's challenge to the sufficiency of the evidence. Our review is *de novo*. *Turner v. State*, 29 So. 3d 361, 364 (Fla. 4th DCA 2010).

"Vehicular homicide cannot be proven without also proving the elements of reckless driving, which requires proof of a willful or wanton disregard for the safety of persons or property." *Santisteban v. State*, 72 So. 3d 187, 195 (Fla. 4th DCA 2011) (citations and quotation marks omitted). "Speed alone" is insufficient to constitute reckless conduct unless the speed is shown to be grossly excessive. *Id.* But excessive speed, combined with other factors, can support a conviction for vehicular homicide. *See Pozo v. State*, 963 So. 2d 831, 834 (Fla. 4th DCA 2007); *Hamilton v. State*, 439 So. 2d 238, 238-39 (Fla. 2d DCA 1983).

Here, the evidence in the light most favorable to the State permitted the jury to find that appellant's conduct was reckless. The State's expert testified that the speed limit was 50 mph and that appellant's speed was 69 mph at the time of impact. The roads were wet from the rain earlier in the day. Immediately before the accident, appellant swerved through traffic, rapidly approached the traffic light while looking down and without braking, and ran a light that had been red for nine seconds before impact. Thus, there were additional factors regarding appellant's driving, which when combined with his speeding, provided sufficient evidence to withstand the motion for judgment of acquittal.

### *Appellant's Statement After the Accident*

Appellant also argues that the trial court reversibly erred in admitting evidence that he said "shit happens" when being confronted by witnesses after the accident. He argues that the statement was irrelevant to whether

he operated his motor vehicle in a reckless manner, and that the lack of context for the statement makes it impossible to conclude that the statement was boasting. We agree.

A trial court's decision on the admissibility of evidence is reviewed under an abuse of discretion standard. *Hudson v. State*, 992 So. 2d 96, 107 (Fla. 2008). But a trial court's discretion is limited by the evidence code and the case law. *Bearden v. State*, 161 So. 3d 1257, 1263 (Fla. 2015).

Relevant evidence is evidence tending to prove or disprove a material fact. § 90.401, Fla. Stat. (2013). "In determining relevance, we look to the elements of the crime charged and whether the evidence tends to prove or disprove a material fact." *Johnson v. State*, 991 So. 2d 962, 966 (Fla. 4th DCA 2008). "When evidence is offered to prove a fact which is not a matter in issue, it is said to be immaterial." *Jordan ex rel. Shealey v. Masters*, 821 So. 2d 342, 349 (Fla. 4th DCA 2002) (quoting Charles W. Ehrhardt, *Florida Evidence* § 401.1 (2001 ed.)).

Even if evidence is relevant, it is inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (2013). "The unfair prejudice that section 90.403 attempts to eliminate relates to evidence that inflames the jury or appeals improperly to the jury's emotions." *State v. Gerry*, 855 So. 2d 157, 159 (Fla. 5th DCA 2003) (citations and quotation marks omitted).

In a similar case stemming from a vehicular homicide prosecution, we found that evidence of the defendant's mental state after the accident was not relevant to the issue of whether the defendant operated the motor vehicle in a reckless manner. *See Rubinger v. State*, 98 So. 3d 659, 663 (Fla. 4th DCA 2012). In *Rubinger*, we held that the trial court abused its discretion by admitting evidence of the defendant's nonchalant behavior after the fatal accident, including evidence that the defendant was fixing her hair, applying makeup, and talking on her cell phone about getting to a party. *Id.* at 661, 663. We explained that this evidence was not relevant, as it "did not tend to prove that [the defendant] was driving recklessly at the time of the accident." *Id.* at 663. Furthermore, we reasoned that "even if evidence of [the defendant's] behavior after the accident did have some relevance to the issues of the case, its probative value was far outweighed by its prejudicial effect." *Id.* We found that the error was not harmless, in part because "during closing the State argued that [the defendant's] behavior after the accident, including her lack of concern for the victim, was evidence of her recklessness in the operation of her vehicle." *Id.*

4

The analysis in *Rubinger* is almost directly on point and controlling here. In this case, the evidence that appellant said "shit happens" when being confronted by witnesses at the scene of the accident established only his mental state *after* the accident and did not tend to prove that appellant was driving recklessly at the time of the accident.

To be sure, as the State points out, "an admission from which guilt may be inferred is not rendered inadmissible because of the fact that it is made after the commission of the charged offense." *Erickson v. State*, 565 So. 2d 328, 333 (Fla. 4th DCA 1990). Likewise, a defendant's boastings about the crime are both relevant and admissible. *See Jackson v. State*, 530 So. 2d 269, 272 (Fla. 1988) (the defendant's jocular boastings to a detective were admissions that fell under section 90.803(18), and were clearly relevant to the defendant's state of mind).

Here, however, appellant's statement was not an admission from which guilt could be inferred. There is no evidence of exactly what was said to appellant that prompted him to reply, "Well, shit happens." Nothing in the record would allow for the conclusion that "shit happens" was some sort of admission that appellant was driving recklessly. Indeed, the statement arose in the context of appellant's attempts to deny responsibility for the accident by claiming that he had the green light. Nor is there any basis in the evidence to conclude that appellant's statement was a form of "jocular boasting." Under the circumstances, no reasonable factfinder could conclude that appellant was boasting about the accident when he said "shit happens." This case is therefore distinguishable from *Jackson* and *Erickson*.

Even if evidence of appellant's statement after the accident did have some relevance in the case, any probative value was substantially outweighed by the danger of unfair prejudice. The probative value of the statement, if any, was minimal. On the other side of the balancing test, evidence that appellant said "shit happens" at the scene of an accident that killed an 11-year-old girl was undoubtedly inflammatory. Such evidence was *unfairly* prejudicial because it was designed to appeal to the jury's emotions by portraying appellant as callous and uncaring. Therefore, the trial court abused its discretion by admitting evidence of appellant's statement after the accident.

We conclude that the error was not harmless. *See State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986). Although the State presented evidence that appellant was driving at an excessive speed, the degree to which appellant was speeding was a contested issue. Moreover, similar to *Rubinger*, the

5

prosecutor improperly suggested in closing argument that appellant's "shit happens" statement was proof of reckless driving: "[T]hose words express the reckless disregard he had for anybody that night." Thus, we find there is a reasonable possibility that the error contributed to appellant's convictions.

For the foregoing reasons, we reverse and remand for a new trial.

*Reversed and Remanded for a new trial.*

WARNER and FORST, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**