NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


EUGENE T. SMITH,          )
                                )
           Appellant,        )
                                )
v.                           )        Case No.   2D16-1013
                                )
STATE OF FLORIDA,        )
                                )
           Appellee.        )
                                )

Opinion filed May 10, 2017.

Appeal from the Circuit Court for
Hillsborough County; Vivian T. Corvo,
Judge.

Howard L. Dimmig, Jr., Public Defender,
and Jamie Spivey, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa,
for Appellee.


SLEET, Judge.

Eugene Smith appeals his convictions and sentences for refusal to submit

to testing (count three), driving while license suspended or canceled (count four), and

reckless driving with serious bodily injury (count five).  Smith was initially charged with

five total counts; he pleaded guilty to counts three and four, both first-degree misdemeanors, and proceeded to a jury trial on the remaining counts, all third-degree felonies. The jury acquitted him on counts one and two but convicted him on count five, reckless driving. The court sentenced Smith to 364 days' jail for counts three and four and to five years' prison for count five, all to be served concurrently. We affirm Smith's convictions and sentences on counts three and four without comment. However, because the State failed to prove that Smith's operation of his vehicle was reckless, we reverse his conviction for reckless driving with serious bodily injury.

At trial, the State presented evidence that Smith was driving northbound in the left lane of U.S. Highway 301, which is a divided highway with two lanes of travel in each direction. It was early evening but not yet dark, weather conditions were clear, and the roadway was straight. Witnesses testified that Smith was not speeding and that Smith's vehicle had its headlights on. Smith's vehicle then swerved to the right, crossing the other northbound lane of travel, driving up onto the sidewalk, and hitting a bicyclist. The responding Florida Highway Patrol officer testified that he observed yaw marks on the roadway, which showed that the vehicle had turned sharply and slid before leaving the roadway but did not indicate whether the brakes had been applied prior to impact.

Smith argues on appeal that his motion for judgment of acquittal should have been granted because the State failed to present any evidence that he was driving the car in a reckless manner. He asserts that the undisputed evidence showed that his vehicle swerved across the road and into the bicyclist when he lost control as a result of a defective steering mechanism, not because he was driving erratically or without

regard to the safety of others.  We review the denial of a motion for judgment of acquittal de novo.  Beard v. State, 842 So. 2d 174, 176 (Fla. 2d DCA 2003) (citing Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002)).

Section 316.192(1)(a), Florida Statutes (2015), defines reckless driving as "driv[ing] any vehicle in willful or wanton disregard for the safety of persons or property." " 'Willful' means intentionally, knowingly[,] and purposely," and " '[w]anton' means with a conscious and intentional indifference to consequences and with knowledge that damage is likely to be done to persons or property."  Fla. Std. Jury Instr. (Crim.) § 28.5. This court has explained that "[m]erely proving careless driving is insufficient to sustain a conviction [under section 316.192]."  State v. Del Rio, 854 So. 2d 692, 693 (Fla. 2d DCA 2003) (citation omitted).  "In determining whether a defendant was driving recklessly, the essential inquiry is whether the defendant knowingly drove the vehicle in such a manner and under such conditions as was likely to cause . . . harm."  Stracar v. State, 126 So. 3d 379, 381 (Fla. 4th DCA 2013) (quoting Santisteban v. State, 72 So. 3d 187, 195 (Fla. 4th DCA 2011)).

In Stracar, the Fourth District reversed the defendant's convictions for two counts of vehicular homicide when the evidence showed that she

> was driving a vehicle which left the roadway, traveled [for over 500 feet at approximately forty miles per hour] along a sidewalk and a grassy area, crossed a divided roadway and hit a sign which launched the car over a median of the intersecting street and land[ed] on the victims['] car crushing the two occupants.

Id. at 380 (second alteration in original).  As in this case, there was no evidence that the defendant used her brakes or that there were any curves in the roadway, and witnesses stated that weather conditions were optimal.  Id.  On these facts, the Fourth District

- 3 -

concluded that the State had only shown that the defendant was negligent, not that she was reckless. Id. at 381. Florida courts have repeatedly held that evidence that the defendant merely violated a traffic law, failed to observe pedestrians, or lost control of a vehicle is insufficient to support a reckless driving conviction. See, e.g., Del Rio, 854 So. 2d at 694 (holding that evidence that the defendant was travelling at the speed limit, had failed to stop at a T-intersection, and did not see the pedestrian before hitting her while she attempted to cross the street with a stroller showed that the defendant was driving carelessly, not recklessly); Berube v. State, 6 So. 3d 624, 624-25 (Fla. 5th DCA 2008) (holding that evidence that the defendant was driving on a busy road on a clear day when he stopped in the center of an intersection and executed an improper left turn across oncoming traffic was insufficient to show that the defendant operated his vehicle in a reckless manner); State v. Esposito, 642 So. 2d 25, 26 (Fla. 4th DCA 1994) (holding that evidence that the defendant drove a trolley into the victim at fifteen miles per hour while she was in a crosswalk on a clear day with no obstructions was "woefully insufficient to state a prima facie case of reckless driving"); W.E.B. v. State, 553 So. 2d 323, 324-25 (Fla. 1st DCA 1989) (holding that evidence that the defendant consumed three to five beers before driving home on a clear night and crossed the center line into oncoming traffic after overcorrecting for running off the road was insufficient to prove that the defendant willfully and wantonly operated his vehicle with disregard for the safety of persons or property).

In this case, although the State may have proved that Smith was careless or negligent, there is no evidence that Smith, "in an intentional, knowing, and purposeful manner," drove his car off the road and onto the sidewalk "with a conscious and

intentional indifference to consequences and with knowledge that damage [was] likely to be done to persons or property." See Berube, 6 So. 3d at 626. Accordingly, we reverse Smith's conviction for reckless driving with serious bodily injury. Because Smith appears to be entitled to immediate release, we direct the clerk to issue our mandate with this opinion.[1]

Affirmed in part and reversed in part.

CASANUEVA and SALARIO, JJ., Concur.

---

[1]We note that the State may still file a timely motion for rehearing pursuant to Florida Rule of Appellate Procedure 9.330; however, it should also attach a motion to recall the mandate pursuant to rule 9.340.