# Third District Court of Appeal

## State of Florida

Opinion filed November 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2023
Lower Tribunal No. F20-4581
_____

**Coffer Kenneth, a/k/a Kenneth Coffer,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lody Jean, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LOGUE, C.J., and SCALES and HENDON, JJ.

HENDON, J.

Coffer Kenneth, a/k/a Kenneth Coffer ("Defendant"), appeals his conviction and sentence for reckless driving in violation of section 316.192 of the Florida Statutes.  Based on the following, we reverse.

I.    FACTS

The Defendant was charged by amended information with several offenses, including reckless driving, a second degree misdemeanor, in violation of section 316.192 (Count 3).  As to the charge of reckless driving, the amended information asserted the Defendant "did drive a vehicle in willful or wanton disregard for the safety of others or property, to wit: passed four vehicles by traveling in the wrong lane of travel in a residential area, in violation of s. 316.192, Fla. Stat. . . ."

The case proceeded to a jury trial.  The only witness who testified was Detective Orlando Rodriguez of the Miami Beach Police Department.  Detective Rodriguez's testimony reflects that he and two other detectives were on duty traveling in the same vehicle when the Defendant caught their attention.  They were at a red light on 14th Street and Directional Avenue, which has one lane in each direction, divided by a dashed yellow line.  When the light turned green, the Defendant "started burning off the tires, screeching tires, and took off Westbound from the light."  The Defendant then crossed over the dashed yellow line and passed three to five cars

while driving in the wrong lane in a residential neighborhood, driving at approximately twenty-five to thirty miles per hour. The Defendant's act of passing the vehicles lasted about ten seconds. Detective Rodriguez acknowledged that, because the lanes are divided with a dashed yellow line, moving across the dashed yellow line is permitted. Detective Rodriguez further explained that passing cannot occur within 100 feet of an intersection because there is a solid line and, if a car had turned, the Defendant's vehicle and the other turning vehicle would have crashed.

After the State rested, the defense moved for a judgment of acquittal. The trial court denied the first and second motions for judgment of acquittal. The jury found the Defendant guilty of reckless driving, but not guilty of the two other charged offenses. The trial court adjudicated the defendant guilty and sentenced him to time served. The Defendant's appeal followed.

## II.     STANDARDS OF REVIEW

The standard of review of a challenge to the sufficiency of the evidence is de novo, and an appellate court reviews the record to "ensure that the guilty verdict is supported by competent, substantial evidence regarding each element of the charged crime." Rodriguez v. State, 335 So. 3d 168, 171 (Fla. 3d DCA 2021), review denied, 2022 WL 1041273 (Fla. Apr. 7, 2022). Further, the denial of a motion for judgment of acquittal is

3

reviewed de novo. Leggett v. State, 237 So. 3d 1144, 1146 (Fla. 3d DCA 2018).

III.     ANALYSIS

The Defendant contends the evidence presented by the State was insufficient to establish the crime of reckless driving as defined by section 316.192(1)(a). We agree.

Section 316.192(1)(a) defines reckless driving as follows: "Any person who drives any vehicle in willful and wanton disregard for the safety of persons or property is guilty of reckless driving." "'Willful' means intentionally, knowingly[,] and purposely," and the term "'wanton' means with a conscious and intentional indifference to consequences and with knowledge that damage is likely to be done to persons or property." Smith v. State, 218 So. 3d 996, 998 (Fla. 2d DCA 2017) (alteration in original) (quoting Fla. Std. Jury Instr. (Crim.) § 28.5). "To be considered reckless driving, the defendant 'must have engaged in intentional conduct demonstrating a conscious disregard of a likelihood of death or injury.'" Harris v. State, 318 So. 3d 645, 647 (Fla. 2d DCA 2021) (quoting State v. Desange, 294 So. 3d 433, 437 (Fla. 2d DCA 2020)) (footnote omitted). If the State only proves that the "defendant drove carelessly, it is insufficient to prove reckless driving under [section 316.192(1)(a)]." Harris v. State,

4

318 So. 3d at 647 (citing Smith, 218 So. 3d at 998).

Here, Detective Rodriguez's testimony reflects that the Defendant's act of passing cars occurred at a speed of twenty-five to thirty miles per hour and lasted about ten seconds. Further, because the street is divided by a dashed yellow line, the Defendant is permitted to cross the dashed yellow line to pass vehicles traveling in his same direction. Detective Rodriguez's testimony does not reflect that the Defendant's act of passing the vehicles almost caused an accident or caused other vehicles or persons to take evasive actions. The Defendant's act of passing vehicles was careless, but the act does not amount to reckless driving. Further, although passing within 100 feet of an intersection is not permitted, doing so constitutes a noncriminal traffic infraction, punishable as a moving violation, not reckless driving. See § 316.087(1)(c), (3), Fla. Stat. (2020). Thus, based on the evidence presented to the jury, the State did not establish that the Defendant committed the offense of reckless driving under section 316.192(1)(a). Thus, we reverse the Defendant's conviction and sentence for reckless driving.

Reversed.